685 So.2d 773 (1996)
AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.
Nos. 87134, 86881.
Supreme Court of Florida.
November 22, 1996.
As Corrected on Denial of Rehearing December 26, 1996.
John W. Frost, II, President, Bartow; Edward R. Blumberg, President-elect, Miami; and John F. Harkness, Jr., Executive Director, Tallahassee, on behalf of The Florida Bar; Michael P. Walsh, West Palm Beach, on behalf of the Board of Governors of The Florida Bar; and Honorable Marguerite H. Davis, Chair, and Thomas D. Hall, Tallahassee, on behalf of the Appellate Court Rules Committee, for Petitioner.
Louis O. Frost, Jr., Public Defender, Jacksonville; Ward L. Metzger, Chair, Juvenile Court Rules Committee, Jacksonville; Robert A. Butterworth, Attorney General and James W. Rogers, Bureau Chief, Criminal Appeals, Office of the Attorney General, Tallahassee; Stephen Krosschell, Holiday; Deborah K. Brueckheimer, Chief, Appeals Division, Assistant Public Defender, Bartow; Nancy A. Daniels, Public Defender" and Paula S. Saunders and David A. Davis, Assistant Public Defenders, Tallahassee, on behalf of The Florida Public Defenders Association; Dedee S. Costello, Chair, The Florida Bar Criminal Procedure Rules Committee, Panama City; Henry P. Trawick, Jr., Sarasota; Anthony C. Musto, Chair, The Florida Bar Appellate Practice and Advocacy Section, Fort Lauderdale; Susan Hartmann, Sarasota, Florida; Robert L. Young of de Manio & Young, Sarasota; Honorable Gerald B. Cope, Jr., Judge, Third District Court of Appeal, Miami; William A. Haddad, Clerk, Second District Court of Appeal, Lakeland; and Charles A. Valcarce-Stuart, Coral Gables, Responding.
PER CURIAM.
We have for consideration The Florida Bar Appellate Rules Committee's (Committee) quadrennial report of proposed rule changes filed in accordance with Florida Rule of Judicial Administration 2.130(c)(3). We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution. We have consolidated the Committee's report with the file opened as a result of this Court's initiation of proposed rule amendments designed to simplify criminal appeals from guilty pleas and appeals relating to sentencing errors.
The Committee proposed a new rule 9.100(f), which imposes additional requirements on proceedings in the circuit court which seek to invoke the jurisdiction of the circuit court described in rules 9.030(c)(2) and (c)(3) to the extent that the petition seeks review of judicial or quasi-judicial action. We agree with the Committee that this amendment will clarify when Florida Rule of Civil Procedure 1.630 applies and when rule 9.100 applies in the circuit court.
On December 21, 1995, this Court issued an opinion suggesting that scarce resources were being unnecessarily expended in appeals from guilty pleas and appeals relating to sentencing errors. Amendments to Florida Rides of Appellate Procedure 9.020(g) & 9.140(b) & Florida Rule of Criminal Procedure 8.800, No. 86,881 (Fla. Dec. 21, 1995). On our own motion, we proposed amendments to rule 9.020(g) and rule 9.140(b), as well as Florida Rule of Criminal Procedure 3.800. These amendments were designed to limit the record and the issues which could be raised on appeals from pleas of guilty and nolo contendere without reservation and to require that sentencing issues first be raised in the trial court.
As a consequence of our opinion, the Committee revised its recommendations to address our proposed amendments. With certain minor exceptions, the Committee concurred with the Court's proposed amendments. However, the Committee proposed an additional provision which would provide a multi-faceted procedure in which a defendant could seek to have the trial court correct any sentencing error before it was considered *774 by the appellate court by (1) raising the issue at the time of sentencing, (2) raising the issue by posttrial motion, or (3) raising the issue by "notice" in the appellate court, which would then send the issue to the trial court to rule on the issue first. The Committee gave several reasons for its proposal, including the concern that the requirement that all sentencing errors be raised in the trial court in order to be considered on appeal would result in a substantial increase in the number of claims of ineffective assistance of counsel for failing to preserve sentencing errors.
While these matters were under consideration, the legislature enacted the "Criminal Appeal Reform Act of 1996" (the Act), which became effective on July 1, 1996. Ch. 96-248, § 4, Laws of Fla. Because certain provisions of the Act appeared to conflict with the current appellate rules, this Court requested and received comments from interested parties concerning the effect of the Act upon the rules and the proposed amendments.
Our attention has become focused upon those portions of the Act which created section 925.051, which provides in part as follows:
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
(4) If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
In their comments, the Committee as well as public defenders and others contend that the provisions of the Act are procedural in nature and cannot override this Court's Rules of Appellate Procedure. On the other hand, the Attorney General insists that the Act's provisions are substantive and, therefore, controlling.
The United States Supreme Court has consistently pointed out that there is no federal constitutional right of criminal defendants to a direct appeal. Evitts v. Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985) ("Almost a century ago the Court held that the Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors."). Accord Abney v. United States, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038-39, 52 L.Ed.2d 651 (1977); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Moreover, in State v. Creighton, 469 So.2d 735 (Fla. 1985), this Court stated that there was no right to appeal set forth in our state's constitution. We reasoned that while our immediately preceding constitution provided that "appeals may be taken as a matter of right from all final judgments or decrees," the 1972 revision to article V eliminated the constitutional right to appeal by altering the language to authorize "appeals, that may be taken as a matter of right, from final judgments or orders."
However, the issue in Creighton was whether the State had a constitutional right to appeal. Furthermore, we did not consider in Creighton the fact that nowhere in the voluminous documents which reflect the history and intent of the 1972 revision of article V is there any suggestion that the revisers intended to remove from the constitution the right to appeal. Therefore, we now recede from Creighton to the extent that we construe the language of article V, section 4(b) as a constitutional protection of the right to appeal. However, we believe that the legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights.[1] Of course, this *775 Court continues to have jurisdiction over the practice and procedure relating to appeals.
Applying this rationale to the amendment of section 924.051(3), we believe the legislature could reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error. Anticipating that we might reach such a conclusion, this Court on June 27, 1996, promulgated an emergency amendment designated as new Florida Rule of Criminal Procedure 3.800(b) to authorize the filing of a motion to correct a defendant's sentence within ten days. Amendments to Florida Rule of Appellate Procedure 9.020(g) & Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996). Because many sentencing errors are not immediately apparent at sentencing, we felt that this rule would provide an avenue to preserve sentencing errors and thereby appeal them. However, since our adoption of the emergency amendment, a number of parties have expressed the view that the ten-day period is too short. They say that because of the copying process in the clerk's office or for other reasons, attorneys often do not timely receive copies of the sentencing orders. Others point out that as a result of the short time period, many public defenders are ordering expedited transcripts of the sentencing hearing at additional cost to the State. For these reasons, we have extended the time for filing motions to correct sentencing errors under rule 3.800(b) to thirty days.
The other issue immediately before us is the effect of the Act on the proposed rule on appeals from pleas of guilty or nolo contendere without reservation. In Robinson v. State, 373 So.2d 898 (Fla.1979), this Court addressed the validity of section 924.06(3), Florida Statutes (1977), which read:
A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such defendant shall obtain review by means of collateral attack.
The Court agreed that the statute properly foreclosed appeals from matters which took place before the defendant agreed to the judgment of conviction. However, the Court held that there was a limited class of issues which occur contemporaneously with the entry of the plea that may be the proper subject of an appeal. These included: (1) subject matter jurisdiction; (2) illegality of the sentence; (3) failure of the government to abide by a plea agreement; and (4) the voluntary intelligent character of the plea. Robinson, 373 So.2d at 902.
Section 924.051(b)(4) is directed to the same end but is worded slightly differently. Insofar as it says that a defendant who pleads nolo contendere or guilty without expressly reserving the right to appeal a legally dispositive issue cannot appeal the judgment, we believe that the principle of Robinson controls. A defendant must have the right to appeal that limited class of issues described in Robinson.
There remains, however, another problem. Section 924.051(b)(4) also states that a defendant pleading guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue cannot appeal the sentence. However, a defendant has not yet been sentenced at the time of the plea. Obviously, one cannot expressly reserve a sentencing error which has not yet occurred. By any standard, this is not a reasonable condition to the right to appeal. Therefore, we construe this provision of the Act to permit a defendant who pleads guilty or nolo contendere without reserving a legally dispositive issue to nevertheless appeal a sentencing error, providing it has been timely preserved by motion to correct the sentence. See State v. Iacovone, 660 So.2d 1371 (Fla. 1995); Williams v. State, 492 So.2d 1051 (Fla.1986) (statutes will not be interpreted so as to yield an absurd result).
Accordingly, we have rewritten rule 9.140 to accomplish the objectives set forth above. Consistent with the legislature's philosophy of attempting to resolve more issues at the trial court level, we are also promulgating Florida Rule of Criminal Procedure 3.170(l), which authorizes the filing of a motion to withdraw the plea after sentencing within thirty days from the rendition of the sentence, but only upon the grounds recognized by Robinson or otherwise provided by law. *776 The amendments to the Florida Rules of Criminal Procedure will be included in our four-year cycle amendments to those rules. We have amended rule 9.020(h) to provide that a motion to withdraw the plea after sentencing will postpone rendition until its disposition. While we also received comments that other portions of the Act are inconsistent with the rules, we have determined to address on a case-by-case basis any of these issues which may arise.
In view of our decision in Davis v. State, 661 So.2d 1193 (Fla.1995), clarifying the definition of illegal sentences, we have provided in rules 9.140(b)(1)(D) and (c)(1)(J) that direct appeals may be taken from both illegal and unlawful sentences.
Pursuant to the Committee proposal, rule 9.140 as amended also permits a defendant to cross-appeal in certain cases when the State appeals a nonfinal order; incorporates the text of Florida Rule of Criminal Procedure 3.851, which deals with collateral relief after a death sentence has been imposed, into the appellate rules; permits parties in criminal cases to make their own copies of transcripts; returns belated appeal petitions to the appellate courts and places a two-year time limit on the filing of such petitions; and establishes new procedures for filing petitions for ineffective assistance of appellate counsel and imposes a two-year limitation on the filing of such petitions.
In response to this Court's request, the Committee proposed rules to deal with the procedure for appeals in juvenile delinquency cases and for juvenile dependency and termination of parental rights cases. With minor modifications, we have adopted these proposals in rules 9.145 and 9.146.
On November 9, 1995, this Court adopted amendments to the Florida Rules of Workers' Compensation Procedure which set forth the appellate jurisdiction with respect to workers' compensation proceedings. In re Amendments to Florida Rides of Workers' Compensation Procedure, 664 So.2d 945 (Fla. 1995). Consistent with the theme that all rules dealing with appellate review should be contained in the Rules of Appellate Procedure, the Committee has streamlined the already approved workers' compensation rules to avoid duplication with presently existing appellate rules and has incorporated the workers' compensation appellate rules into proposed rule 9.180. Workers' compensation is an area of the law that does necessitate certain procedural rules that are different from the general appellate rules. We therefore approve proposed rule 9.180.
The Committee recommended an amendment to rule 9.210(c) to permit appellees to file their own statements of case and facts, thereby eliminating the present rule requirement that appellees clearly specify the areas of disagreement with the statement of the case and facts of the appellants. This was the only recommendation of the Committee which the Board of Governors voted against adopting. Upon consideration, however, this Court has concluded to adopt the proposed amendment. We recognize that there are some instances in which it is difficult, if not impossible, for the appellee to intelligibly specify the areas of disagreement in the statement of the case and facts of the appellants. However, we encourage appellees not to rewrite the statement of case and facts except where clearly necessary.
In McFadden v. Fourth District Court of Appeal, 682 So.2d 1068 (Fla.1996), this Court adopted an emergency amendment to rule 9.430 concerning appeals by persons asserting their indigency. Judge Zehmer, on behalf of the First District Court of Appeal, filed a comment to the emergency amendment suggesting that its wording would cause that court procedural problems. As a consequence, on May 2, 1996, we retroactively stayed implementation of the emergency amendment. Thereafter, the Committee submitted a proposed substitute for our emergency amendment stating that it had been agreed upon by representatives of each of the district courts of appeal. Because it appears that the Committee's solution gives each court the flexibility necessary to handle these matters, we have adopted the committee's proposed amendment to rule 9.430.
The remaining amendments are self explanatory and received little or no adverse comment. We approve these amendments as submitted with only minor change.
*777 Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Committee Notes are offered for explanation only and are not adopted as an official part of the rules. The amendments set forth in the appendix shall become effective January 1, 1997, at 12:01 a.m.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J. and SHAW, J., concur.
OVERTON, J., concurs in result only.
ANSTEAD, Justice, specially concurring.
I write separately in support of our decision today to recede from the suggestion in State v. Creighton, 469 So.2d 735 (Fla.1985), that the citizens of Florida voted in 1972 to amend the Florida Constitution to eliminate a citizen's right to appeal from final orders and judgments.

Creighton
In Crownover v. Shannon, 170 So.2d 299 (Fla.1964), this Court declared:
The right to appeal from the final decisions of trial courts to the Supreme Court and to the District Courts of Appeal has become a part of the Constitution and is no longer dependent on statutory authority or subject to be impaired or abridged by statutory law, but of course subject to rules promulgated by the Supreme Court regulating the practice and procedure.
Id. at 301.[2] That a citizen's right to appeal was protected by the Constitution was unquestioned before 1985 and the issuance of the opinion in Creighton.
Creighton involved an issue concerning only the State's limited right to appeal.[3] The Creighton dicta contained no analysis of the constitutional amendment process.[4] Nor does it address the intent of the drafters of the revisions, or the intent of the voters, or the extensive provisions concerning appeals and appellate courts set out in the Florida Constitution.[5] Rather, the entire analysis in Creighton rests on speculation as to why the legislature used the word "that" preceding its reference to the right to appeal in the constitution. This analysis is clearly flawed and inadequate.[6]

*778 Constitutional Analysis

Unfortunately, the majority opinion in Creighton failed to adhere to this Court's own earlier admonitions as to the method of analysis to be applied in such a situation. Professor Levinson, in his comprehensive work on constitutional law, pointedly discusses this issue:

Transition from Old to New Constitution
1. REPETITION OF IDENTICAL PROVISION IN NEW AND OLD CONSTITUTIONS
If the new constitution contains a provision identical to the corresponding provision in the old, judicial interpretations of the old constitution retain their validity as interpretations of the new, since the framers or the voters are presumed to have known the old interpretations and to have intended to preserve them by repeating the same constitutional language.
2. SIMILAR BUT NOT IDENTICAL PROVISION IN NEW AND OLD CONSTITUTIONS
If the new constitution contains a provision similar but not identical to the corresponding provision in the old, the question arises whether the framers or voters intended a mere change in literary style (in which event the cases decided under the old constitution continue to govern) or a change of meaning (in which event the old cases are superseded).
In Hayek v. Lee County [231 So.2d 214 (Fla.1970) ], the issue was whether article III, section 11(a)(1) of the 1968 constitution, on laws "pertaining to ... jurisdiction... of [court] officers," should receive the same interpretation as had been given to the corresponding provision of the 1885 constitution about laws "regulating the jurisdiction ... of officers." The court examined the minutes of the Constitutional Revision Commission and determined, on rehearing, that the change was merely one of style and that the framers intended to preserve the meaning developed by the old cases.
L. Harold Levinson, Florida Constitutional Law, 28 U.Miami L.R. 551, 557 (1973).
In Hayek, this Court candidly declared:
Subsequent to the rendition of the original decision in this cause, November 5, 1969, from which we now recede, we have examined minutely the record of the proceedings of the Constitutional Revision Commission appointed to draft the Constitution which was adopted by the people in the General Election of 1968 and became effective January 7, 1969, and many documents relating thereto which have been collected and are now preserved in the Supreme Court Library. The revelations of these various documents and a more thorough study and comparison of the language used in each constitution convince us there was no intention to change in any way the purposes to be served by such provisions.
Had the majority in Creighton followed the rule of analysis set out by this Court in Hayek and examined the constitutional, revision proceedings of 1972, it would have discovered the obvious: that there was never an intent to remove the right of appeal from article V. In fact, as the chair of the legislative committee responsible for the revisions declared at the time, the drafters of the amendments intended just the oppositeto *779 preserve a citizen's recognized constitutional right to appeal under article V.[7]

Constitutional Revision Process of 1972
The Creighton dicta provides no analysis for its rather astounding conclusion that in 1972 the people of the State of Florida, without even knowing about it, affirmatively voted to take away their own right to appeal. Of course, the constitutional revision process is conducted in the Florida sunshine, and it was conducted in the sunshine in 1972. Yet, Creighton cites not one piece of evidence of any kind from the legislative or public process of amending the Constitution, nor any ballot summary, as informing the Florida voters that they would be doing away with their right to appeal if they approved the amendments proposed in 1972. Surely no one could seriously contend that such an important change in the Constitution would be made without disclosing this intent.[8]
In fact, there are sixteen file folders in our own Supreme Court Library labeled "Legislative History and Intent" and brimming with letters, drafts, committee notes, and research materialsall chronicling in detail the very public 1972 article V revision process from its inception. And, there is not one word in these materials indicating that a citizen's constitutional right to appeal in article V was meant to be affected in any way by the 1972 revisions. To the contrary, those materials contain unrebutted evidence, including the House Judiciary Chairman's written expression, indicating that no change to a citizen's right to appeal was contemplated. Copies of the House summary of the proposed amendments to article V as well as the ballot summary and the League of Women Voters public information guide are footnoted here to clearly demonstrate that a citizen's right to appeal was not eliminated in 1972.[9] *780 *781 There is no suggestion or hint in any of these materials that the right to appeal was affected by the proposed revisions. In fact, before the constitutional revisions of 1972 were placed on the ballot, the chairman of the House Judiciary Committee, Talbot D'Alemberte, the recognized "father" and drafter of the revisions, expressly declared that "[w]e intended to provide for the right to appeal from final judgments."

Facial Analysis of Article V, Section 4(b)(1)
In addition, even a superficial examination of the explicit provisions of article V demonstrates that the drafters clearly distinguished the jurisdiction of the district courts under article V, section 4(b)(1) "to hear appeals, that may be taken as a matter of right" from other appeals.[10] Specifically, for example, the drafters limited appeals in administrative matters and in circuit court to appeals "as prescribed by general law." See section 4(b)(2) (administrative appeals)[11] and section 5(b) (circuit court appellate jurisdiction).[12] There is no such limitation on the jurisdiction of the Supreme Court or the district courts of appeal. The drafters knew what the phrase "as prescribed by general law" meant and did not use it as a limitation of a citizen's right to appeal to the district courts of appeal or the Supreme Court. Instead, they used that phrase intentionally to permit the legislature to provide for appeals in administrative proceedings and in the circuit courts.
Further, after providing for appeals to the district courts as a matter of right from final judgments and orders of trial courts, the drafters provided that the Supreme Court could decide by rule what interlocutory orders could be appealed to the district courts. A plain reading of these provisions reveals that the constitution explicitly provides for appeals as a matter of right from final judgments and orders, with the Supreme Court deciding what interlocutory orders may be appealed. Otherwise, we would be left with the anomalous situation of the Supreme Court providing for interlocutory appeals in cases where the legislature may have said there shall be no appeal at all from the final outcome.

Conclusion
Whatever the method of analysis used, it is apparent that the legislature never intended and did not propose a change in article V in 1972 to eliminate a citizen's right to appeal, and Florida citizens never voted to do away with their right to appeal. By receding from the Creighton dicta, we have now set the record straight on this important right of Florida citizens.

KOGAN, C.J., and SHAW, J., concur.

APPENDIX

RULE 9.010. EFFECTIVE DATE AND SCOPE
These rules, cited as "Florida Rules of Appellate Procedure," and abbreviated "Fla. *782 R.App.P.," shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the supreme court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Amendment. These rules shall supersede all conflicting statutes and, as provided in Florida Rule of Judicial Administration 2.135, all conflicting rules of procedure.

Committee Notes
1977 Amendment. The rules have been re-numbered to conform with the numbering system adopted by the Florida Supreme Court for all of its rules of practice and procedure, and to avoid confusion with the former rules, which have been extensively revised. The abbreviated citation form to be used for these rules appears in this rule and in rule 9.800.
This rule sets an effective date and retains the substance of former rules 1.1, 1.2, and 1.4. A transition provision has been incorporated to make clear that proceedings already in the appellate stage before the effective date will continue to be governed by the former rules until the completion of appellate review in the court in which it is pending on the effective date. If review is sought after March 1, 1978, of an appellate determination made in a proceeding filed in the appellate court before that date, the higher court may allow review to proceed under the former rules if an injustice would result from required adherence to the new rules. Unnecessary language has been deleted and the wording has been simplified. Specific reference has been made to rule 9.030(c) to clarify those aspects of the jurisdiction of the circuit courts governed by these rules.
1992 Amendment. This rule was amended to eliminate the statement that the Florida Rules of Appellate Procedure supersede all conflicting rules. Other sets of Florida rules contain provisions applicable to certain appellate proceedings, and, in certain instances, those rules conflict with the procedures set forth for other appeals under these rules. In the absence of a clear mandate from the supreme court that only the Florida Rules of Appellate Procedure are to address appellate concerns, the committee felt that these rules should not automatically supersede other rules. See, e.g., In the Interest of E.P. v. Department of Health and Rehabilitative Services, 544 So.2d 1000 (Fla.1989).
1996 Amendment. Rule of Judicial Administration 2.135 now mandates that the Rules of Appellate Procedure control in all appellate proceedings.
RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Administrative Action. Administrative action shall include:
(1) final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes;
(2) non-final action by an agency or administrative law judge reviewable under the Administrative Procedure Act;
(3) quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act; and
(4) administrative action for which judicial review is provided by general law.
(b) Clerk. The person or official specifically designated as such for the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
(c) Court. The supreme court; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c), including the chief justice of the supreme court and the chief judge of a district court of appeal in the exercise of constitutional, administrative, or supervisory powers on behalf of such courts.
(d) Family Law Matter. A matter governed by the Florida Family Law Rules of Procedure.
*783 (de) Lower Tribunal. The court, agency, officer, board, commission, judge of compensation claims, or body whose order is to be reviewed.
(ef) Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries.
(fg) Parties.
(1) Appellant. A party who seeks to invoke the appeal jurisdiction of a court.
(2) Appellee. Every party in the proceeding in the lower tribunal other than an appellant.
(3) Petitioner. A party who seeks an order under rule 9.100 or rule 9.120.
(4) Respondent. Every other party in a proceeding brought by a petitioner.
(gh) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or in arrest of judgment; to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b); to withdraw the plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(1); or a challenge to the verdict, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.
(i) Rendition (of an Order Based on Florida Family Law Rule of Procedure 12.492). An order based upon the recommendation of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.492 shall not be deemed rendered if there has been filed in the lower tribunal an authorized and timely motion to vacate until the filing of a signed, written order disposing of such motion.

Committee Notes
1977 Amendment. This rule supersedes former rule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise in which the context of the rule requires a different meaning for a defined term, but these should be rare.
The term "administrative action" is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, chapter 120, Florida Statutes (1975), but was intended to include all administrative agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with article VIII, section 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.
*784 The term "clerk" retains the substance of the term "clerk" defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal if no person is specifically and officially given that duty.
The term "court" retains the substance of the term "court" defined in the former rules, but has been modified to recognize the authority delegated to the chief justice of the supreme court and the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. If supreme court review of a district court of appeal decision is involved, the district court of appeal is the "lower tribunal."
The term "lower tribunal" includes courts and administrative agencies. It replaces the terms "commission, "board," and "lower court" defined in the former rules.
The term "order" has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries are excluded from the definition in recognition of the decision in Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla.1976). It was intended that this rule encourage the entry of written orders in every case.
The terms "appellant," "appellee," "petitioner," and "respondent" have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term "appellee" has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as section 924.03, Florida Statutes (1975). It should be noted that if a certiorari proceeding is specifically governed by a rule that only refers to "appellant" and "appellee," a "petitioner" and "respondent" should proceed as if they were "appellant" and "appellee," respectively. For example, certiorari proceedings in the supreme court involving the Public Service Commission and Industrial Relations Commission are specifically governed by rule 9.110 even though that rule only refers to "appellant" and "appellee." The parties in such a certiorari proceeding remain designated as "petitioner" and "respondent," because as a matter of substantive law the party invoking the court's jurisdiction is seeking a writ of certiorari. The same is true of rule 9.200 governing the record in such certiorari proceedings.
The term "rendition" has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp.1976), but to set a point from which certain procedural times could be measured. Motions that postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized, and one of those listed. However, if the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.
The definition of "legal holiday" has been eliminated but its substance has been retained in rule 9.420(e).
The term "bond" is defined in rule 9.310(c)(1).
Terms defined in the former rules and not defined here are intended to have their ordinary meanings in accordance with the context of these rules.
1992 Amendment. Subdivision (a) has been amended to reflect properly that deputy commissioners presently are designated as judges of compensation claims.
Subdivision (g) has been rewritten extensively. The first change in this rule was to ensure that an authorized motion for clarification (such as under rule 9.330) was included in those types of motions that delay rendition.
*785 Subdivision (g) also has been revised in several respects to clarify some problems presented by the generality of the prior definition of "rendition." Although rendition is postponed in most types of cases by the filing of timely and authorized post-judgment motions, some rules of procedure explicitly provide to the contrary. The subdivision therefore has been qualified to provide that conflicting rules shall control over the general rule stated in the subdivision. See In Re Interest of E.P., 544 So.2d 1000 (Fla.1989). The subdivision also has been revised to make explicit a qualification of long standing in the decisional law, that rendition of non-final orders cannot be postponed by motions directed to them. Not all final orders are subject to postponement of rendition, however. Rendition of a final order can be postponed only by an "authorized" motion, and whether any of the listed motions is an "authorized" motion depends on the rules of procedure governing the proceeding in which the final order is entered. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), review denied 494 So.2d 1153.
Subdivision (g)(1) has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be postponed as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any of those claims. See, e.g., Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983).
Ideally, all post-judgment motions should be disposed of at the same time. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla.1985). If that occurs, the final order is deemed rendered as to all claims when the order disposing of the motions is filed with the clerk. If all motions are not disposed of at the same time, the final order is deemed rendered as to all claims between a moving party and a party moved against when the written order disposing of the last remaining motion addressed to those claims is filed with the clerk, notwithstanding that other motions filed by co-parties may remain pending. If such motions remain, the date of rendition with respect to the claims between the parties involved in those motions shall be determined in the same way.
Subdivision (g)(2) has been added to govern the special circumstance that arises when rendition of a final order has been postponed initially by post-judgment motions, and a motion for new trial then is granted. If the new trial has been granted simply as an alternative to a new final order, the appeal will be from the new final order. However, if a new trial alone has been ordered, the appeal will be from the new trial order. See rule 9.110. According to the decisional law, rendition of such an order is not postponed by the pendency of any additional, previously filed post-judgment motions, nor can rendition of such an order be postponed by the filing of any further motion. See Frazier v. Seaboard System Railroad, Inc., 508 So.2d 345 (Fla. 1987). To ensure that subdivision (g)(1) is not read as a modification of this special rule, subdivision (g)(2) has been added to make it clear that a separately appealable new trial order is deemed rendered when filed, notwithstanding that other post-judgment motions directed to the initial final order may remain pending at the time.
Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in Williams v. State, 324 So.2d 74 (Fla.1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See In Re: Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered *786 as to any other party whose post-judgment motions are pending when the notice of appeal is filed.
1996 Amendment. Subdivision (a) was amended to reflect the current state of the law. When the term "administrative action" is used in the Florida Rules of Appellate Procedure, it encompasses proceedings under the Administrative Procedure Act, quasi-judicial proceedings before local government agencies, boards, and commissions, and administrative action for which judicial review is provided by general law.
Addition of language in subdivision (i) is intended to toll the time for the filing of a notice of appeal until the resolution of a timely filed motion to vacate when an order has been entered based on the recommendation of a hearing officer in a family law matter. Under the prior rules, a motion to vacate was not an authorized motion to toll the time for the filing of an appeal, and too often the motion to vacate could not be heard within 30 days of the rendition of the order. This rule change permits the lower tribunal to complete its review prior to the time an appeal must be filed.

Court Commentary
1996 Amendment. Subdivision (gh) was amended to ensure that a motion to correct sentence or order of probation and a motion to withdraw the plea after sentencing would postpone rendition. Subdivision (gh)(3) was amended to explain that such a motion is not waived by an appeal from a judgment of guilt.

RULE 9.040. GENERAL PROVISIONS
(a) Complete Determination. In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.
(b) Forum. If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
(d) Amendment. At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
(e) Assignments of Error. Assignments of error are neither required nor permitted.
(f) Filing Fees. Filing fees may be paid by check or money order.
(g) Clerks' Duties. On filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. If jurisdiction has been invoked under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi), or if a certificate has been issued by a district court under rule 9.030(a)(2)(B), the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.
(h) Non-Jurisdictional Matters. Failure of a clerk or a party timely to file fees or additional copies of notices or petitions or the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

Committee Notes
1977 Amendment. This rule sets forth several miscellaneous matters of general applicability.
Subdivision (a) is derived from the last sentence of former rule 2.1(a)(5)(a), which concerned direct appeals to the supreme court. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.
Subdivisions (b) and (c) implement article V, section 2(a), Florida Constitution. Former rule 2.1(a)(5)(d) authorized transfer if an improper forum was chosen, but the former *787 rules did not address the problem of improper remedies being sought. The advisory committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a case will not be dismissed automatically because a party seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), in which a petition for a common law writ of certiorari was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So.2d 1 (Fla.1959), in which a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.
Subdivision (d) is the appellate procedure counterpart of the harmless error statute, section 59.041, Florida Statutes (1975). It incorporates the concept contained in former rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, if it would not result in irremediable prejudice.
Subdivision (e) is intended to make clear that assignments of error have been abolished by these rules. It is not intended to extend the scope of review to matters other than judicial acts. If less than the entire record as defined in rule 9.200(a)(1) is to be filed, rule 9.200(a)(2) requires service of a statement of the judicial acts for which review is sought. This requirement also applies under rule 9.140(d). As explained in the commentary accompanying those provisions such a statement does not have the same legal effect as an assignment of error under the former rules.
Subdivision (f) permits payment of filing fees by check or money order and carries forward the substance of former rule 3.2(a), which allowed payments in cash.
Subdivision (g) is derived from former rules 3.2(a) and 3.2(e). Under these rules, notices and fees are filed in the lower tribunal unless specifically stated otherwise. The clerk must transmit the notice and fees immediately. This requirement replaces the provision of the former rules that the notice be transmitted within 5 days. The advisory committee was of the view that no reason existed for any delays. The term "forthwith" should not be construed to prevent the clerk from delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice if review of a final trial court order in a civil case is sought. When supreme court jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the court along with the notice and fees.
Subdivision (h) is intended to implement the decision in Williams v. State, 324 So.2d 74 (Fla.1975), in which it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions if there is a failure to timely file fees or copies of the notice or petition.
The advisory committee considered and rejected as too difficult to implement a proposal of the bar committee that the style of a cause should remain the same as in the lower tribunal.
It should be noted that these rules abolish the practice of permitting Florida trial courts to certify questions to an appellate court. The former rules relating to the internal government of the courts and the creation of *788 the advisory committee have been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the court unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The advisory committee has recommended that its existence be continued by the supreme court.
1980 Amendment. Subdivision (g) was amended to direct the clerk of the district court to transmit copies of the district court decision, the certificate, the order of the trial court, and the suggestion, replies, and appendices in all cases certified to the supreme court under rule 9.030(a)(2)(B) or otherwise certified under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi).
1992 Amendment. Subdivision (h) was amended to provide that the failure to attach conformed copies of the order or orders designated in a notice of appeal as is now required by rules 9.110(d), 9.130(c), and 9.160(c) would not be a jurisdictional defect, but could be the basis of appropriate sanction by the court if the conformed copies were not included with the notice of appeal.

RULE 9.100. ORIGINAL PROCEEDINGS
(a) Applicability. This rule applies to those proceedings that invoke the jurisdiction of the courts described in rules 9.030(a)(3), (b)(2), (b)(3), (c)(2), and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction; and for review of non-final administrative action.
(b) Commencement; Parties. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction. If the original jurisdiction of the court is invoked to enforce a private right, the proceeding shall not be brought on the relation of the state. If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.
(c) Exceptions; Petitions for Certiorari; Review of Non-Final AdministrativeAgency Action. The following shall be filed within 30 days of rendition of the order to be reviewed:
(1) A petition for common law certiorari.
(2) A petition forto review of final quasi-judicial action of agencies, boards, and commissions of local government, which action is not directly appealable under any other provision of general law but may be subject to review by certiorari.
(3) A petition forto review of non-final administrativeagency action under the Florida Administrative Procedure Act.
(4) A petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings.
Lower court judges shall not be named as respondents to petitions for common law certiorari; individual members of the agencies, boards, and commissions of local government shall not be named as respondents to petitions for review of final quasi-judicial action; and hearing officers shall not be named as respondents to petitions for review of non-final agency action. A copy of the petition shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.
(d) Exception; Orders Excluding Press or Public.
(1) A petition to review an order excluding the press or public from access to any proceeding, any part of a proceeding, or any judicial records, if the proceedings or records are not required by law to be confidential, shall be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral. A copy shall be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, and to the parties to the proceeding.
(2) The court shall immediately consider the petition to determine whether a stay of proceedings in the lower tribunal is appropriate *789 and on its own motion or that of any party, the court may order a stay on such conditions as may be appropriate.
(3) If requested by the petitioner or any party, or on its own motion, the court may allow oral argument.
(e) Exception; Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal. When a petition for a writ of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:
(1) Caption. The name of the judge or lower tribunal shall be omitted from the caption. The caption shall bear the name of the petitioner and other parties to the proceeding in the lower tribunal who are not petitioners shall be named in the caption of respondents.
(2) Parties. The judge or the lower tribunal is a formal party to the petition for mandamus or prohibition and must be named as such in the body of the petition (but not in the caption). The petition must be served on all parties, including any judge or lower tribunal who is a formal party to the petition.
(3) Response. The responsibility to respond to an order to show cause is that of the litigant opposing the relief requested in the petition. Unless otherwise specifically ordered, the judge or lower tribunal has no obligation to file a response. The judge or lower tribunal retains the discretion to file a separate response should the judge or lower tribunal choose to do so. The absence of a separate response by the judge or lower tribunal shall not be deemed to admit the allegations of the petition.
(f) Review Proceedings in Circuit Court.
(1) Applicability. The following additional requirements apply to those proceedings that invoke the jurisdiction of the circuit court described in rules 9.030(c)(2) and (c)(3) to the extent that the petition involves review of judicial or quasi-judicial action.
(2) Caption. The caption shall contain a statement that the petition is filed pursuant to this subdivision.
(3) Duties of the Circuit Court Clerk. When a petition prescribed by this subdivision is filed, the circuit court clerk shall forthwith transmit the petition to the administrative judge of the appellate division, or other appellate judge or judges as prescribed by administrative order, for a determination as to whether an order to show cause should be issued.
(4) Default. The clerk of the circuit court shall not enter a default in a proceeding where a petition has been filed pursuant to this subdivision.
(eg) Petition. The caption shall contain the name of the court and the name and designation of all parties on each side. The petition shall contain
(1) the basis for invoking the jurisdiction of the court;
(2) the facts on which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support of the petition and appropriate citations of authority.
If the petition seeks an order directed to a lower tribunal, the petition shall be accompanied by an appendix as prescribed by rule 9.220, and the petition shall contain references to the appropriate pages of the supporting appendix.
(fh) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal.
(gi) Record. A record shall not be transmitted to the court unless ordered.
(hj) Response. Within the time set by the court, the respondent may serve a response, which shall include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices.
*790 (ik Reply. Within 20 days therefore or such other time set by the court, the petitioner may serve a reply and supplemental appendix.

Committee Notes
1977 Amendment. This rule replaces former rule 4.5, except that the procedures applicable to supreme court review of decisions of the district courts of appeal on writs of constitutional certiorari are set forth in rule 9.120; and supreme court direct review of administrative action on writs of certiorari is governed by rule 9.100. This rule governs proceedings invoking the supreme court's jurisdiction to review an interlocutory order passing on a matter where, on final judgment, a direct appeal would lie in the supreme court. The procedures set forth in this rule implement the supreme court's decision in Burnsed v. Seaboard Coastline R.R., 290 So.2d 13 (Fla.1974), that such interlocutory review rests solely within its discretionary certiorari jurisdiction under article V, section 3(b)(3), Florida Constitution, and that its jurisdiction would be exercised only when, on the peculiar circumstances of a particular case, the public interest required it. This rule abolishes the wasteful current practice in such cases of following the procedures governing appeals, with the supreme court treating such appeals as petitions for the writ of certiorari. This rule requires that these cases be prosecuted as petitions for the writ of certiorari.
This rule also provides the procedures necessary to implement the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp.1976), which provides for judicial review of non-final agency action "if review of the final agency decision would not provide an adequate remedy." It was the opinion of the advisory committee that such a right of review is guaranteed by the statute and is not dependent on a court rule, because article V, section 4(b)(2), Florida Constitution provides for legislative grants of jurisdiction to the district courts to review administrative action without regard to the finality of that action. The advisory committee was also of the view that the right of review guaranteed by the statute is no broader than the generally available common law writ of certiorari, although the statutory remedy would prevent resort to an extraordinary writ.
Subdivisions (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional. If common law certiorari is sought to review an order issued by a lower tribunal consisting of more than 1 person, a copy of the petition should be furnished to the chairperson of that tribunal.
Subdivision (d) sets forth the procedure for appellate review of orders excluding the press or public from access to proceedings or records in the lower tribunal. It establishes an entirely new and independent means of review in the district courts, in recognition of the decision in English v. McCrary, 348 So.2d 293 (Fla.1977), to the effect that a writ of prohibition is not available as a means to obtain review of such orders. Copies of the notice must be served on all parties to the proceeding in the lower tribunal, as well as the person who, or the chairperson of the agency that, issued the order.
No provision has been made for an automatic stay of proceedings, but the district court is directed to consider the appropriateness of a stay immediately on the notice being filed. Ordinarily an order excluding the press and public will be entered well in advance of the closed proceedings in the lower tribunal, so that there will be no interruption of the proceeding by reason of the appellate review. In the event a challenged order is entered immediately before or during the course of a proceeding and it appears that a disruption of the proceeding will be prejudicial to 1 or more parties, the reviewing court on its own motion or at the request of any party shall determine whether to enter a stay or to allow the lower tribunal to proceed pending review of the challenged order. See State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904, 911 (Fla.1977).
This new provision implements the "strict procedural safeguards" requirement laid down by the United States Supreme Court in National Socialist Party of America v. Village of Skokie, 432 U.S. 43, 97 S.Ct. 2205, 53 *791 L.Ed.2d 96 (1977). In that case the Court held that state restraints imposed on activities protected by the First Amendment must be either immediately reviewable or subject to a stay pending review.
Subdivision (e) sets forth the contents of the initial pleading. The party seeking relief must file a petition stating the authority by which the court has jurisdiction of the case, the relevant facts, the relief sought, and argument supported by citations of authority. This rule does not allow the petitioner to file a brief. Any argument or citations of authority that the petitioner desires to present to the court must be contained in the petition. This change in procedure is intended to eliminate the wasteful current practice of filing repetitive petitions and briefs. Under subdivision (g) no record is required to be filed unless the court so orders, but under subdivision (e) the petitioner must file an appendix to the petition containing conformed copies of the order to be reviewed and other relevant material, including portions of the record, if a record exists. The appendix should also contain any documents that support the allegations of fact contained in the petition. A lack of supporting documents may, of course, be considered by the court in exercising its discretion not to issue an order to show cause.
Under subdivisions (f), (h), and (i), if the allegations of the petition, if true, would constitute grounds for relief, the court may exercise its discretion to issue an order requiring the respondent to show cause why the requested relief should not be granted. A single responsive pleading (without a brief) may then be served, accompanied by a supplemental appendix, within the time period set by the court in its order to show cause. The petitioner is then allowed 20 days to serve a reply and supplemental appendix, unless the court sets another time. It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings. The emphasis on service, of course, does not relieve counsel of the responsibility for filing original documents with the court as required by rule 9.420(b); it merely affects the time measurements.
Except as provided automatically under subdivision (f), a stay pending resolution of the original proceeding may be obtained under rule 9.310.
Transmittal of the record under order of the court under subdivision (g) shall be in accordance with the instructions and times set forth in the order.
1980 Amendment. The rule was amended by deleting its reference to former rule 9.030(a)(2)(B) to reflect the 1980 revisions to article V, section 3(b), Florida Constitution that eliminated supreme court review by certiorari of non-final orders that would have been appealable if they had been final orders. The procedures applicable to discretionary supreme court review of district court decisions under rule 9.030(a)(2)(A) are governed by rule 9.120. The procedures applicable to supreme court discretionary review of trial court orders and judgments certified by the district courts under rule 9.030(a)(2)(B) are set forth in rule 9.125.
Subdivision (d) was amended to delete references to the district courts of appeal as the proper court for review of orders excluding the press and public, because the appropriate court could also be a circuit court or the supreme court.
1992 Amendment. Subdivision (b) was amended to add 2 provisions clarifying designation of parties to original proceedings. The first change eliminates the practice of bringing original proceedings on the relation of the state and instead requires that if a private right is being enforced, an action must be brought in the names of the parties. Second, this subdivision now requires that all parties not named as petitioners be included in the style as respondents, consistent with rules 9.020(f)(3) and (f)(4).
Subdivision (c) was amended to eliminate the practice of naming lower court judges, members of administrative bodies, and hearing officers as respondents in petitions for certiorari and for review of non-final agency action. Such individuals still are to be served a copy of the petition, but the amendment *792 is to eliminate any suggestion that they are parties or adverse to the petitioner.
Subdivision (c) also was amended to reflect that review of final administrative action, taken by local government agencies, boards, and commissions acting in a quasi-judicial capacity, is subject to the requirement that the petition for writ of certiorari be filed within 30 days of rendition of the order to be reviewed.
Subdivision (e) was amended to require that the petition, the jurisdictional document, identify all parties on each side to assist the court in identifying any potential conflicts and to identify all parties to the proceeding as required by subdivision (b) of this rule. Additionally, this subdivision was amended to require, consistent with rule 9.210(b)(3), that the petition make references to the appropriate pages of the appendix that is required to accompany the petition.
Subdivision (f) was amended to add the existing requirement in the law that a petition must demonstrate not only that there has been a departure from the essential requirements of law, but also that that departure will cause material injury for which there is no adequate remedy by appeal. This subdivision, without amendment, suggested that it established a standard other than that recognized by Florida decisional law.
Subdivision (h) was amended to require that any response, like the petition, contain references to the appropriate pages of appendices, consistent with subdivision (e) of this rule and rules 9.210(b)(3) and 9.210(c).
1996 Amendment. The reference to "common law" certiorari in subdivision (c)(1) was removed so as to make clear that the 30day filing limit applies to all petitions for writ of certiorari.
Subdivision (c)(4) is new and pertains to review formerly available under rule 1.630. It provides that a prisoner's petition for extraordinary relief, within the original jurisdiction of the circuit court under rule 9.030(c)(3) must be filed within 30 days after final disposition of the prisoner disciplinary proceedings conducted through the administrative grievance process under chapter 33, Florida Administrative Code. See Jones v. Florida Department of Corrections, 615 So.2d 798 (Fla. 1st DCA 1993).
Subdivision (e) was added, and subsequent subdivisions re-lettered, in order to alter the procedural requirements placed or apparently placed on lower court judges in prohibition and mandamus proceedings. The duty to respond to an Order to Show Cause is expressly placed on the party opposing the relief requested in the petition, and any suggestion of a duty to respond on the part of the lower court judge is removed. The lower court judge retains the option to file a response. In those circumstances in which a response from the lower tribunal is desirable, the court may so order.
Subdivision (f) was added to clarify that in extraordinary proceedings to review lower tribunal action this rule, and not Florida Rule of Civil Procedure 1.630, applies and to specify the duties of the clerk in such proceedings, and to provide a mechanism for alerting the clerk to the necessity of following these procedures. If the proceeding before the circuit court is or may be evidentiary in nature, then the procedures of the Florida Rules of Civil Procedure should be followed.

RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
(a) Applicability. This rule applies to those proceedings that
(1) invoke the appeal jurisdiction of the courts described in rules 9.030(a)(1), (b)(1)(A), and (c)(1)(A);
(2) seek review of orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code;
(23) seek review of administrative action described in rules 9.030(b)(1)(C) and (c)(1)(C); and
(34) seek review of orders granting a new trial in jury and non-jury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C).
*793 (b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing 2 copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Exception; Administrative Action. In an appeal of administrative action to review final orders of lower administrative tribunals, the appellant shall pay the fee and file the second copy of the notice with the courtfile the original notice with the clerk of the lower administrative tribunal within 30 days of rendition of the order to be reviewed, and file a copy of the notice, accompanied by the filing fees prescribed by law, with the clerk of the court.
(d) Notice of Appeal. The notice of appeal shall be substantially in the form prescribed by rule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or order's designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.
(e) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall transmit the record to the court.
(f) Briefs. Appellant's initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(g) Cross-Appeal. An appellee may cross-appeal by serving a notice within 10 days of service of the appellant's notice or within the time prescribed in subdivision (b) of this rule, whichever is later. No filing fee shall be required for a cross-appeal.
(h) Scope of Review. The court may review any ruling or matter occurring before filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
(i) Exception; Bond Validation Proceedings. If the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the supreme court. Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(j) Exception; Appeal Proceedings from District Courts of Appeal. If the appeal is from an order of a district court of appeal, the clerk shall transmit the record to the court within 60 days of filing the notice. Appellant's initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(k) Review of Partial Final Judgments. Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.
(l) Exception. If an unmarried minor or another person on her behalf appeals an order denying a petition for termination of pregnancy, the district court of appeal shall render its decision on the appeal as expeditiously as possible and by no later than 10 days from the filing of the notice of appeal. Briefs or oral argument may be ordered at the discretion of the district court of appeal. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file. The appeal and all proceedings thereon shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the petition be granted, the clerk shall furnish the petitioner a certified copy of the decision or clerk's certificate for delivery to the minor's physician.
*794 (m) Premature Appeals. If a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may permit the lower tribunal to render a final order.
(n) Exception; Insurance Coverage Appeals. Judgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed either by the method prescribed in this rule or that in rule 9.130.

Committee Notes
1977 Amendment. This rule replaces former rules 3.1, 3.5, 4.1, 4.3, 4.4, and 4.7. It applies when (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after the final order are reviewable under the procedure set forth in rule 9.130. This rule does not apply to review proceedings in such cases.
Except to the extent of conflict with rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the supreme court; (2) certiorari proceedings before the supreme court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp.1976); (4) appeals as of right to a circuit court, including review of administrative action if provided by law.
This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla.1974), and are consistent with the decision there. Under subdivision (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The supreme court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible." Bowen v. Willard, 340 So.2d 110, 112 (Fla.1976). This rule implements that decision.
Subdivisions (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file 2 copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that if review of administrative action is sought, 1 copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30-day period, subject to sanctions imposed by the court. See Williams v. State, 324 So.2d 74 (Fla.1975); Fla.R.App.P. 9.040(h).
Subdivision (d) sets forth the contents of the notice and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form approved by the supreme court. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of "rendition" in Florida Rule of Appellate Procedure 9.020, and see the judicial construction of "rendition" for an administrative rule in Florida Admin. Comm'n v. Judges of the District Court, 351 So.2d 712 (Fla.1977), on review of Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to determine the timeliness of the notice from its face. The advisory committee intended that defects in the notice would not be jurisdictional or grounds for disposition *795 unless the complaining party was substantially prejudiced.
This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed if supreme court review was appropriate, and the practice under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp.1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See Yamaha Int'l Corp. v. Ehrnian, 318 So.2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in section 120.68(2), Florida Statutes (Supp.1976). There is no conflict with the statute because the substance of the review proceeding remains controlled by the statute, and the legislature directed that review be under the procedures set forth in these rules. Because it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm'n, 333 So.2d 9 (Fla.1976), and School Bal. v. Malbon, 341 So.2d 523 (Fla. 2d DCA 1977), to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.
This rule is not intended to affect the discretionary nature of direct supreme court review of administrative action taken under the certiorari jurisdiction of that court set forth in article V, section 3(b)(3), Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See commentary, Fla.R.App.P. 9.020.
Subdivisions (e), (f), and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs, and serving notices of cross-appeal. Provision for cross-appeal notices has been made to replace the cross-assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term "cross-appeal" should be read as equivalent to "cross-petition." It should be noted that if time is measured by service, rule 9.420(b) requires filing to be made before service or immediately thereafter.
Subdivision (h) permits a party to file a single notice of appeal if a single proceeding in the lower tribunal, whether criminal or civil, results in more than 1 final judgment and an appeal of more than 1 is sought. This rule is intended to further the policies underlying the decisions of the supreme court in Scheel v. Advance Marketing Consultants, Inc., 277 So.2d 773 (Fla.1973), and Hollimon v. State, 232 So.2d 394 (Fla.1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. If a prematurely filed notice is held in abeyance in accordance with Williams v. State, 324 So.2d 74 (Fla.1975), the date of filing is intended to be the date the notice becomes effective.
Subdivision (i) provides an expedited procedure in appeals as of right to the supreme court in bond validation proceedings. An appendix is mandatory.
Subdivision (j) provides for an expedited procedure in appeals as of right to the supreme court from an order of a district court of appeal.
1980 Amendment. The rule has been amended to incorporate changes in rule 9.030 and to reflect the abolition of supreme court jurisdiction to review, if provided by general law, final orders of trial courts imposing sentences of life imprisonment.
The reference indicated (2) in the second paragraph of this committee note for 1977 amendment should be disregarded. See amended rule 9.030(a)(1)(B)(ii) and accompanying committee note.
1984 Amendment. Subdivision (k) was added to remedy a pitfall in the application of case law under Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla.1974). Appeals may now be taken immediately or delayed until the end of the entire case, under the rationale of Mendez.
*796 1992 Amendment. Subdivision (d) was amended to require that the appellant, except in criminal cases, attach to its notice of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed. This amendment is designed to assist the clerk in determining the nature and type of order being appealed and the timeliness of any such appeal.
Subdivision (m) was added to clarify the effect of a notice of appeal filed by a party before the lower court renders a final appealable order. Under this subdivision, such a notice of appeal is subject to dismissal as premature, but a final order rendered before the dismissal of the appeal will vest the appellate court with jurisdiction to review that final order. It further provides that the appellate court may relinquish jurisdiction or otherwise allow the lower court to render such a final order before dismissal of the appeal. If the only motion that is delaying rendition has been filed by the party filing the notice of appeal, under rule 9.020(g)(3), such motion is deemed abandoned and the final order is deemed rendered by the filing of a notice of appeal.
1996 Amendment. The addition of new subdivision (a)(2) is a restatement of former Florida Rule of Probate Procedure 5.100, and is not intended to change the definition of final order for appellate purposes. It recognizes that in probate and guardianship proceedings it is not unusual to have several final orders entered during the course of the proceeding that address many different issues and involve many different persons. An order of the circuit court that determines a right, an obligation, or the standing of an interested person as defined in the Florida Probate Code may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged.
Subdivision (c) was amended to reflect that in appeals of administrative orders, the appellate court filing fees should be filed in the appellate court, not the administrative tribunal
Subdivision (n) was added by the committee in response to the opinion in Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla. 1996), suggesting that the Appellate Court Rules Committee consider an appropriate method for providing expedited review of these cases to avoid unnecessary delays in the final resolution of the underlying actions-Expedited review in the manner provided in rule 9.130 is available for such judgments in cases where a claim against the insured is pending and early resolution of the coverage issue is in the best interest of the parties. The notice of appeal should identify whether a party is seeking review pursuant to the procedure provided in this rule or in rule 9.130.

RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS
(a) Applicability.
(1) This rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts. Review of other non-final orders in such courts and non-final administrative action shall be by the method prescribed by rule 9.100.
(2) Review of non-final orders in criminal cases shall be as prescribed by rule 9.140.
(3) Review of non-final orders of lower tribunals is limited to those that
(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine
(i) the jurisdiction of the person;
(ii) the right to immediate possession of property;
(hi) the right to immediate monetary relief or child custody in domestic relationsfamily law matters;
(iv) the issue of liability in favor of a party seeking affirmative relief;
(v) the entitlement of a party to arbitration;
(vi) that, as a matter of law, a party is not entitled to workers' compensation immunity; as a matter of law; or
*797 (vii) that a class should be certified; or
(viii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law;
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
(4) Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed under Florida Rule of Civil Procedure 1.540 and Florida Family Law Rule of Procedure 12.540 are reviewable by the method prescribed by this rule.
(6) Orders that deny motions to certify a class may be reviewed by the method prescribed by this rule.
(7) Review authorized by this rule shall be by the court that has jurisdiction to review the final order in the cause.
(b) Commencement. The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice, designated as a notice of appeal of non-final order, shall be substantially in the form prescribed by rule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice.
(d) Record. A record shall not be transmitted to the court unless ordered.
(e) Briefs. Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(1) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(g) Review on Full Appeal. This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.
(h) Scope of Review. Multiple non-final orders that are listed in rule 9.130(a)(3) may be reviewed by a single notice if the notice is timely filed as to each such order.

Committee Notes
1977 Amendment. This rule replaces former rule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by rules 9.100 and 9.110.
The advisory committee was aware that the common law writ of certiorari is available at any time and did not intend to abolish that writ. However, because that writ provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that because the most urgent interlocutory orders are appealable under this rule, there will be very few cases in which common law certiorari will provide relief. See Taylor v. Board of Pub. Instruction, 131 So.2d 504 (Fla. 1st DCA 1961).
Subdivision (a)(3) designates certain instances in which interlocutory appeals may be prosecuted under the procedures set forth in this rule. Under these rules there are no mandatory interlocutory appeals. This rule eliminates interlocutory appeals as a matter of right from all orders "formerly cognizable in equity," and provides for review of certain interlocutory orders based on the necessity or desirability of expeditious review. Allowable *798 interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former rule 4.2. Item (A) permits review of orders concerning venue. Item (C)(i) has been limited to jurisdiction over the person because the writ of prohibition provides an adequate remedy in cases involving jurisdiction of the subject matter. Because the purpose of these items is to eliminate useless labor, the advisory committee is of the view that stays of proceedings in lower tribunals should be liberally granted if the interlocutory appeal involves venue or jurisdiction over the person. Because this rule only applies to civil cases, item (C)(ii) does not include within its ambit rulings on motions to suppress seized evidence in criminal cases. Item (C)(ii) is intended to apply whether the property involved is real or personal. It applies to such cases as condemnation suits in which a condemnor is permitted to take possession and title to real property in advance of final judgment. See ch. 74, Fla.Stat. (1975). Item (C)(iii) is intended to apply to such matters as temporary child custody or support, alimony, suit money, and attorneys' fees. Item (C)(iv) allows appeals from interlocutory orders that determine liability in favor of a claimant.
Subdivision (a)(4) grants a right of review if the lower tribunal grants a motion for new trial whether in a jury or non-jury case. The procedures set forth in rule 9.110, and not those set forth in this rule, apply in such cases. This rule has been phrased so that the granting of rehearing in a non-jury case under Florida Rule of Civil Procedure 1.530 may not be the subject of an interlocutory appeal unless the trial judge orders the taking of evidence. Other non-final orders that postpone rendition are not reviewable in an independent proceeding. Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
Subdivision (a)(5) grants a right of review of orders on motions seeking relief from a previous court order on the grounds of mistake fraud, satisfaction of judgment, or other grounds listed in Florida Rule of Civil Procedure 1.540.
Subdivision (a)(6) provides that interlocutory review is to be in the court that would have jurisdiction to review the final order in the cause as of the time of the interlocutory appeal.
Subdivisions (b) and (c) state the manner for commencing an interlocutory appeal governed by this rule. Two copies of the notice must be filed with the clerk of the lower tribunal within 30 days of rendition of the order. Under rule 9.040(g) the notice and fee must be transmitted immediately to the court by the clerk of the lower tribunal.
Subdivision (d) provides for transmittal of the record only on order of the court. Transmittal should be in accordance with instructions contained in the order.
Subdivision (e) replaces former rule 4.2(e) and governs the service of briefs on interlocutory appeals. The time to serve the appellant's brief has been reduced to 15 days so as to minimize interruption of lower tribunal proceedings. The brief must be accompanied by an appendix containing a conformed copy of the order to be reviewed and should also contain all relevant portions of the record.
Subdivision (f) makes clear that unless a stay is granted under rule 9.310, the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case. This follows the historical rule that trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court. Thus, the lower tribunal has jurisdiction to proceed with matters not before the court. This rule is intended to resolve the confusion spawned by De la Portilla v. De la Portilla, 304 Sod 116 (Fla. 1974), and its progeny.
Subdivision (g) was embodied in former rule 4.2(a) and is intended to make clear that the failure to take an interlocutory appeal does not constitute a waiver of any sort on appeal of a final judgment, although an improper ruling might not then constitute prejudicial error warranting reversal.
*799 1992 Amendment. Subdivisions (a)(3)(C)(vii) and (a)(6) were added to permit appeals from non-final order's that either granted or denied a party's request that a class be certified. The committee was of the opinion that orders determining the nature of an action and the extent of the parties before the court were analogous to other orders reviewable under rule 9.130. Therefore, these 2 subdivisions were added to the other limited enumeration of orders appealable by the procedures established in this rule.
Subdivision (a)(3)(D) was added by the committee in response to the decision in Twin Jay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990). It was the opinion of the committee that orders that deny the appointment of receivers or terminate or refuse to terminate receiverships are of the same quality as those that grant the appointment of a receiver. Rather than base the appealability of such orders on subdivision (a)(3)(C)(ii), the committee felt it preferable to specifically identify those orders with respect to a receivership that were non-final orders subject to appeal by this rule.
Subdivision (c) was amended to require the attachment of a conformed copy of the order or orders designated in the notice of appeal consistent with the amendment to rule 9.110(d).
1996 Amendment. The amendment to subdivision (a)(3)(C)(vi) moves the phrase "as a matter of law" from the end of the subdivision to its beginning. This is to resolve the confusion evidenced in Breakers Palm Beach v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), City of Lake Man v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996), and their progeny by clarifying that this subdivision was not intended to grant a right of nonfinal review if the lower tribunal denies a motion for summary judgment based on the existence of a material fact dispute.
Subdivision (a)(3)(C)(viii) was added in response to the supreme court's request in Tucker v. Resha, 648 So.2d 1187 (Fla.1994). The court directed the committee to propose a new rule regarding procedures for appeal of orders denying immunity in federal civil rights cases consistent with federal procedure. Compare Johnson v. Jones, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), with Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Florida Supreme Court held that such orders are "subject to interlocutory review to the extent that the order turns on an issue of law."

RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A) a final judgment adjudicating guilt;
(B) an order granting probation or community control, or both, whether or not guilt has been adjudicated;
(C) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both;
(D) an unlawful or illegal sentence; and
(E) a sentence, if the appeal is if required or permitted by general law.; or
(F) as otherwise provided by general law. A defendant may not appeal from a judgment entered on a plea of guilty; nor may a defendant appeal from a judgment entered on a plea of nolo contendere without an express reservation of the right of appeal from a prior order of the lower tribunal, identifying with particularity the point of law being reserverd.
(2) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(A) A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(B) A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
*800 (i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
(C) Record.
(i) Except for appeals under subdivision (b)(2)(A) of tliiw rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:
a. all indictments, information, affidavits of violation of probation or community control and other charging documents;
b. the plea and sentencing hearing transcripts;
c. any written plea agreements;
d. any judgments, sentences, scoresheets, motions and orders to correct or modify sentences, orders imposing, modifying, or revoking probation or community control, orders assessing costs, fees, fines, or restitution against the defendant, and any other documents relating to sentencing;
e. any motion to withdraw plea and order thereon;
f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk, and designation to the court reporter.
(ii) Upon good cause shown, the court, or the lower tribunal before the record is transmitted, may expand the record.
(23) Commencement. The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following the entry rendition of a written order imposing sentence. Copies shall be served on the state attorney and attorney general.
(4) Cross-Appeal. A defendant may cross-appeal by serving a notice within 10 days of service of the state's notice. Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.
(35) Withdrawal of Defense Counsel after Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after
(A) the following have been completed:
(i) The notice of appeal has been filed.
(ii) The statement of judicial acts to he reviewed has been filed, if a transcript, will require the expenditure of public funds.
(iii) Directions to the clerk have been tiled, if necessary,
(iv) A designation of that portion of the reporter's transcript necessary to support the statement of judicial acts to be reviewed has been filed, if a transcript will require expenditure of public funds.
(v) Substitute counsel has been obtained or' appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly-funded cases, the public defender for the local circuit court shall initially be appointed until the record is transmitted to the appellate court.
Or
(B) the time has expired for the filing of notice of appeal, and no such notice has been filed.
(46) Procedure in Death Penalty Capital Appeals.
(A) When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court.
(B) After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant's brief is served, and the defendant 30 days from the date the state's brief is served to serve their respective *801 briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.850, and on resentencing matters, the schedules set forth in subdivision (5f) of this rule will control.
(C) If any brief is delinquent, an order to show cause may issue under Florida Rule of Criminal Procedure 3.840, and sanctions may be imposed.
(D) Oral argument will be scheduled after the filing of the defendant's reply brief.
(E) In death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal's order on the defendant's application for relief under Florida Rule of Criminal Procedure 3.850. Subdivision (j) of this rule shall not apply to death penalty cases.
(5) Procedure in All other cases. Defendant's initial brief shall be served within 80 days of filling the notice. Additional briefs shall be served as prescribed by rule 9.210.
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A) dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release;
(B) suppressing before trial confessions, admissions, or evidence obtained by search and seizure;
(C) granting a new trial;
(D) arresting judgment;
(E) granting a motion for judgment of acquittal after a jury verdict;
(EF) discharging a defendant under Florida Rule of Criminal Procedure 3.191;
(FG) discharging a prisoner on habeas corpus;
(GH) finding adjudicating a defendant incompetent or insane; or
(HI) ruling on a question of law if a convicted defendant appeals the judgment of conviction; and may appeal 
(IJ) imposing an unlawful or illegal sentence, or imposing a sentence outside the range permitted by the sentencing guidelines;
(JK) imposing a sentence imposed outside the range recommended by the sentencing guidelines; authorised by section 921.001, Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701.
(L) denying restitution; or
(M) as otherwise provided by general law for final orders.
(2) The state as provided by general law may appeal to the circuit court non-final orders rendered in the county court.
(23) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(1)(HI), the state's notice of cross-appeal shall be filed within 10 days of service of defendant's notice. Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(3) Briefs. The State's initial brief shall be served within 80days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
(de) Record.
(1) Service. Within 50 day of filing the notice, tThe clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal.and serve copies of the index on the attorney general and all parties. The clerk shall retain the original of the record *802 and shall forthwith transmit copies thereof to the court, to the attorney general, and to the office of a public defender appointed to represent an indigent may, on request, simultaneously receive from the clerk a copy of the record(other than a transcript of the trail proceeding) at the cost prescribed by law.
(2) Transcripts.
(A) If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) shall serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issue raised.
(B) Either party may file motions in the lower tribunal to reduce or expand the transcripts.
(C) Except as permitted in subdivision (e)(2)(D) of this rule, the parties shall designate the court reporter to file with the clerk of the lower tribunal the original transcripts for the court and sufficient copies for the state and all indigent defendants.
(D) Non-indigent defendants represented by counsel may designate the court reporter to prepare only original transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the original transcripts from the court reporter, file the original transcripts along with securely bound copies for the state and all defendants. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each copy certifying that it is an accurate and complete copy of the original transcript. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the original transcript for use as needed by the state in any collateral proceedings and shall not destroy the transcripts without the consent of the Office of the Attorney General.
(E) In state appeals, the state shall designate the court reporter to prepare and file with the clerk of the lower tribunal the original transcripts and sufficient copies for all separately represented defendants. Alternatively, the state may elect to use the procedure specified in subdivision (e)(2)(D) of this rule.
(F) The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the court reporter to prepare the necessary copies of the original transcripts.
(3) Unless otherwise ordered by the court, the clerk of the lower tribunal shall retain all original documents except the original `transcripts designated for appeal which shall be included in the record transmitted to the court.
The clerk of the lower tribunal shall serve copies of the record to the court, attorney general (or state attorney in appeals to circuit court), and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal shall simultaneously serve copies of the index to all non-indigent defendants and, upon their request, copies of the record or portions thereof at the cost prescribed by law.
(5) Except in death penalty cases, the court shall return the record to the lower tribunal after final disposition of the appeal.
(f) Briefs. Initial briefs shall be served within 30 days of service of the record or designation of appointed counsel, whichever is later. Additional briefs shall be served as prescribed by rule 9.210.
(eg) Post-Trial Release.
(1) Appeal by Defendant. The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on the defendant's own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.
*803 (3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis on which the decision was made and the reasons therefor.
(4) Review. Review of an order relating to post-trial release shall be by the court on motion.
(Fh) Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled. In capital death penalty cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
(gi) Appeals from Summary Denial of Motion for Post-Conviction Relief Under Florida Rule of Criminal Procedure 3.800(a) or 3.850. An appeal from an order denying relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850 without a hearing shall be commenced as prescribed by rule 9.110. The clerk of the lower tribunal shall, forthwithalong with the certified copy of the notice, transmit to the court as the record, conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing., with a certified copy of the notice. No briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the state before ruling.
(j) Petitions Seeking Belated Appeal or Alleging Ineffective Assistance of Appellate Counsel.
(1) Forum. Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken.
(2) Contents. The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts
(A) the date and nature of the lower tribunal's order sought to be reviewed;
(B) the name of the lower tribunal rendering the order;
(C) the nature, disposition, and dates of all previous proceedings in the lower tribunal and, if any, in appellate courts;
(D) if a previous petition was filed, the reason the claim in the present petition was not raised previously;
(E) the nature of the relief sought; and
(F) the specific facts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.
(3) Time limits.
(A) A petition for belated appeal shall not be filed more than two years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
(B) A petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
(C) Time periods under this subdivision shall not begin to run prior to the effective date of this rule.
(4) Service. The petitioner shall serve copies of the petition on the attorney general and state attorney.
(5) Procedure.
(A) Rule 9.100 shall govern the processing of the petition.
*804 (B) The court may by order identify any provision of this rule that the petition fails to satisfy and, pursuant to rule 9.040(d), allow the petitioner a specified time to serve an amended petition.
(C) The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
(D) An order granting a petition for belated appeal shall be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed.

Committee Notes
1977 Amendment. This rule represents a substantial revision of the procedure in criminal appeals.
Subdivision (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law that are identified and controlled by this rule.
Subdivision (b)(1) lists the only matters that may be appealed by a criminal defendant, and it is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of extraordinary writs otherwise within the jurisdiction of the court to grant, or the supreme court's jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla.1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
Subdivision (b)(2) replaces former rule 6.2. Specific reference is made to rule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice, however, must be served on both the state attorney and the attorney general. The time for taking an appeal has been made to ran from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The advisory committee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the "gap period" that occurs when sentencing is postponed more than 30 days after entry of judgment. The advisory committee concluded that no purpose was served by such an interpretation because the full case would be reviewable when the "gap" closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla. 1975), in which it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available if re-sentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense before sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the supreme court for review. See § 921.141(4), Fla.Stat. (1975); Fla.R.App.P. 9.040(b).
Subdivision (b)(3) governs the service of briefs. Filing should be made in accordance with rule 9.420.
Subdivision (c)(1) lists the only matters that may be appealed by the state, but it is not intended to affect the jurisdiction of the supreme court to entertain by certiorari interlocutory appeals governed by rule 9.100, or the jurisdiction of circuit courts to entertain *805 interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla.1972). No provision of this rule is intended to conflict with a defendant's constitutional right not to be placed twice in jeopardy, and it should be interpreted accordingly. If there is an appeal under item (A), a motion for a stay of the lower tribunal proceeding should be liberally granted in cases in which there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal were reversed, such as in cases involving the socalled "single transaction rule." Item (E) refers to the popularly known "speedy trial rule," and items (F), (G), and (H) track the balance of state appellate rights in section 924.07, Florida Statutes (1975).
Subdivision (c)(2) parallels subdivision (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for filing the notice. An appeal by the state stays further proceedings in the lower tribunal only if an order has been entered by the trial court.
Subdivision (c)(3) governs the service of briefs.
Subdivision (d) applies rule 9.200 to criminal appeals and sets forth the time for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit where the trial took place or in the judicial circuit wherein the appellate court is located. See § 27.51(4), Fla.Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, section 28.24(13), Florida Statutes (1975), as amended by chapter 77-284, § 1, Laws of Florida, prescribes a cost of $1 per page.
To conserve the public treasury, appeals by indigent defendants, and other criminal defendants in cases in which a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, if the two are different, in identifying alleged trial errors.) The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite to enable the opposing party to make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former rule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under rule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motions is reviewable by motion to the court under rule 9.200(f) if a party asserts additional portions are required.
Subdivision (e) replaces former rule 6.15. Subdivision (e)(1) governs if an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective on the notice being filed. This rule is intended to eliminate practical difficulties that on occasion have frustrated the cause of justice, as in cases in which a defendant's attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with section 903.132, Florida Statutes (Supp.1976), and Florida Rule of Criminal Procedure 3.691. This rule does not apply if the judgment is based on a guilty *806 plea because no right to appeal such a conviction is recognized by these rules.
Subdivision (e)(2) governs if the state takes an appeal and authorizes release of the defendant without bond, if charged with a bailable offense, unless the lower tribunal for good cause orders otherwise. The "good cause" standard was adopted to ensure that bond be required only in rare circumstances. The advisory committee was of the view that because the state generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to undergo incarceration without strong reasons, especially if a pre-trial appeal is involved. "Good cause" therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against the defendant.
Subdivision (e)(3) retains the substance of former rules 6.15(b) and (c). The lower tribunal's order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla.1956).
Subdivision (e)(4) allows review only by motion so that no order regarding post-trial relief is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for excessiveness.
Subdivision (f) interacts with rule 9.110(h) to allow review of multiple judgments and sentences in 1 proceeding.
Subdivision (g) sets forth the procedure to be followed if there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rule does not limit the right to appeal a denial of such a motion after hearing under rule 9.140(b)(1)(C).
1980 Amendment. Although the substance of this rule has not been changed, the practitioner should note that references in the 1977 committee notes to supreme court jurisdiction to review non-final orders that would have been appealable if they had been final orders are obsolete because jurisdiction to review those orders no longer reposes in the supreme court.
1984 Amendment. Subdivision (b) (4) was added to give effect to the administrative order entered by the supreme court on May 6'1981 (6 Fla. L Weekly 336), which recognized that the procedures set forth in the rules for criminal appeals were inappropriate for capital cases.
1992 Amendment. Subdivision (b)(3) was amended to provide that, in cases in which public funds would be used to prepare the record on appeal, the attorney of record would not be allowed to withdraw until substitute counsel has been obtained or appointed.
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the transmittal of any attachments to the motions in the lower court.
1996 Amendment. The 1996 amendments are intended to consolidate and clarify the rules to reflect current law unless otherwise specified.
Rule 9.140(b)(2)(B) was added to accurately reflect the limited right of direct appeal after a plea of guilty or nolo contendere. See Robinson v. State, 373 So.2d 898 (Fla. 1979), and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
New subdivision (b)(4) reflects Lopez v. State, 638 So.2d 931 (Fla.1994). A defendant may cross-appeal as provided, but if the defendant chooses not to do so, the defendant retains the right to raise any properly preserved issue on plenary appeal. It is the committee's intention that the 10-day period for filing notice of the cross-appeal should be *807 interpreted in the same manner as in civil cases under rule 9.110(g).
Rule 9.140(b)(6)(E) adopts Florida Rule of Criminal Procedure 3.851(b)(2) and is intended to supersede that rule. See Fla.R.Jud.Admin. 2.135. The rule also makes clear that the time periods in rule 9.140(j) do not apply to death penalty cases.
The revised rules 9.140(e)(2)(D) and 9.140(e)(2)(E) are intended to supersede Brown v. State, 639 So.2d 634 (Fla. 5th DCA 1994), and allow non-indigent defendants represented by counsel, and the state, to order just the original transcript from the court reporter and to make copies. However, the original and copies for all other parties must then be served on the clerk of the lower tribunal for inclusion in the record. The revised rule 9.140(e)(2)(F) also allows chief judges for each circuit to promulgate an administrative order requiring the lower tribunal clerk's office to make copies of the transcript when the defendant is indigent. In the absence of such an administrative order, the court reporter will furnish an original and copies for all parties in indigent appeals.
Rule 9.140(j)(3) imposes a two-year time limit on proceedings to obtain delayed appellate review based on either the ineffectiveness of counsel on a prior appeal or the failure to timely initiate an appeal by appointed counsel. The former was previously applied for by a petition for writ of habeas corpus in the appellate court and the latter by motion pursuant to Florida Rule of Criminal Procedure 3.850 in the trial court. Because both of these remedies did not require a filing fee, it is contemplated that no fee will be required for the filing of petitions under this rule. Subdivision (j)(3)(B) allows two years "after the conviction becomes final." For purposes of the subdivision a conviction becomes final after issuance of the mandate or other final process of the highest court to which direct review is taken, including review in the Florida Supreme Court and United States Supreme Court. Any collateral review shall not stay the time period under this subdivision. Subdivision (j)(3)(C) under this rule makes clear that defendants who were convicted before the effective date of the rule will not have their rights retroactively extinguished but will be subject to the time limits as calculated from the effective date of the rule unless the time has already commenced to run under rule 3.850.
Rule 9.140(j)(5) was added to provide a uniform procedure for requesting belated appeal and to supersede State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990). This decision resulted in there being two procedures for requesting belated appeal: Florida Rule of Criminal Procedure 3.850 when the criminal appeal was frustrated by ineffective assistance of trial counsel, id.; and habeas corpus for everything else. See Scalf v. Sinqletary, 589 So.2d 986 (Fla. 2d DCA 1991). Experience showed that filing in the appellate court was more efficient. This rule is intended to reinstate the procedure as it existed prior to State v. District Court of Appeal, First District. See Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); State v. Meyer; 430 So.2d 440 (Fla.1983).
In the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation.

Court Commentary
1996. Rule 9.140(b)(4)(A) should be read in conjunction with Florida Rule of Judicial Administration 2.050(h). Rule 9.140 was substantially rewritten so as to harmonize with the Criminal Appeal Reform Act of 1996 (CS/HB 211). The reference to unlawful sentences in rule 9.140(b)(1)(D) and (c)(1)(J) means those sentences not meeting the definition of illegal under Davis v. State, 661 So.2d 1193 (Fla.1995), but, nevertheless, subject to correction on direct appeal.

RULE 9.145. APPEAL PROCEEDINGS IN JUVENILE DELINQUENCY CASES
(a) Applicability. Appeal proceedings in juvenile delinquency cases shall be as in rule 9.140 except as modified by this rule.
(b) Appeals by Child. To the extent adversely affected, a child or any parent, legal guardian, or custodian of a child may appeal:
*808 (1) an order of adjudication of delinquency or withholding adjudication of delinquency, or any disposition order entered thereon;
(2) orders entered after adjudication or withholding of adjudication of delinquency, including orders revoking or modifying the community control;
(3) an illegal disposition; or
(4) any other final order as provided by law.
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A) dismissing a petition for delinquency or any part of it, if the order is entered before the commencement of an adjudicatory hearing;
(B) suppressing confessions, admissions, or evidence obtained by search and/or seizure before the adjudicatory hearing;
(C) granting a new adjudicatory hearing;
(D) arresting judgment;
(E) discharging a child under Florida Rule of Juvenile Procedure 8.090;
(F) ruling on a question of law if a child appeals an order of disposition;
(G) constituting an illegal disposition;
(H) discharging a child on habeas corpus; or
(I) finding a child incompetent pursuant to the Florida Rules of Juvenile Procedure.
(2) Non-Final State Appeals. If the state appeals a pre-adjudicatory hearing order of the trial court, the notice of appeal must be filed within 15 days and before commencement of the adjudicatory hearing.
(A) A child in detention whose case is stayed pending state appeal shall be released from detention pending the appeal if the child is charged with an offense that would be bailable if the child were charged as an adult, unless the lower tribunal for good cause stated in an order determines otherwise. The lower tribunal retains discretion to release from detention any child who is not otherwise entitled to release under the provisions of this rule.
(B) If a child has been found incompetent to proceed, any order staying the proceedings on a state appeal shall have no effect on any order entered for the purpose of treatment.
(d) References to Child. The appeal shall be entitled and docketed with the initials, but not the name, of the child and the court case number. All references to the child in briefs, other papers, and the decision of the court shall be by initials.
(e) Confidentiality. All papers shall remain sealed in the office of the clerk of court when not in use by the court, and shall not be open to inspection except by the parties and their counsel, or as otherwise ordered.

Committee Notes
1996 Adoption. Subdivision (c)(2) is intended to make clear that in non-final state appeals, the notice of appeal must be filed before commencement of the adjudicatory hearing. However, the notice of appeal must still be filed within 15 days of rendition of the order to be reviewed as provided by rule 9.140(c)(3). These two rules together provide that when an adjudicatory hearing occurs within 15 days or less of rendition of an order to be reviewed, the notice of appeal must be filed before commencement of the adjudicatory hearing. This rule is not intended to extend the 15 days allowed for filing the notice of appeal as provided by rule 9.140(c)(3).
Subdivision (d) requires the parties to use initials in all references to the child in all briefs and other papers filed in the court in furtherance of the appeal. It does not require the deletion of the name of the child from pleadings or other papers transmitted to the court from the lower tribunal.

RULE 9.146. APPEAL PROCEEDING IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES
(a) Applicability. Appeal proceedings in juvenile dependency and termination of parental rights cases and cases involving families *809 and children in need of services shall be as in civil cases except as modified by this rule.
(b) Appeals Permitted. Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding affected by an order of the lower tribunal, or the appropriate state agency as provided by law may appeal to the appropriate court within the time and in the manner prescribed by these rules.
(c) Stay of Proceedings.
(1) Application. Except as provided by general law and in subdivision (c)(2) of this rule, a party seeking to stay a final or nonfinal order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief, after considering the welfare and best interest of the child.
(2) Termination of Parental Rights. The taking of an appeal shall not operate as a stay in any case unless pursuant to an order of the court, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and Family Services for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.
(d) Retention of Jurisdiction. Transmittal of the record to the appellate court does not remove the jurisdiction of the lower tribunal to conduct judicial reviews or other proceedings related to the health and welfare of the child pending appeal.
(e) References to Child or Parents. When the parent or child is a party to the appeal, the appeal shall be docketed and any papers filed in the court shall be entitled with the initials, but not the name, of the child or parent and the court case number. All references to the child or parent in briefs, other papers, and the decision of the court shall be by initials.
(f) Confidentiality. All papers shall remain sealed in the office of the clerk of the court when not in use by the court, and shall not be open to inspection except by the parties and their counsel, or as otherwise ordered
(g) Expedited Review. The court shall give priority to appeals under this rule

Committee Notes
1996 Adoption. The reference in subdivision (a) to cases involving families and children in need of services encompasses only those cases in which an order has been entered adjudicating a child or family in need of services under chapter 39, Florida Statutes.
Subdivision (c) requires the parties to use initials in all references to the child and parents in all briefs and other papers filed in the court in furtherance of the appeal. It does not require the deletion of the names of the child and parents from pleadings and other papers transmitted to the court from the lower tribunal.

RULE 9.160. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS
(a) Applicability. This rule applies to those proceedings that invoke the discretionary jurisdiction of the district courts of appeal to review county court orders described in rule 9.030(b)(4).
(b) Commencement. Any appeal of an order certified by the county court to be of great public importance must be taken to the district court of appeal. Jurisdiction of the district court of appeal under this rule shall be invoked by filing 2 copies of a notice and a copy of the order containing certification, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal. The time for filing the appeal shall be the same as if the appeal were being taken to the circuit court.
(c) Notice. The notice shall be in substantially the form prescribed by rule 9.900(a) or rule 9.900(c), depending on whether the order sought to be appealed is a final or a nonfinal order, except that such notice should refer to the fact of certification. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing *810 rendition of the order or orders appealed.
(d) Method of Certification. The certification may be made in the order subject to appeal or in any order disposing of a motion that has postponed rendition as defined in rule 9.020(gh). The certification shall include (1) findings of fact and conclusions of law and (2) a concise statement of the issue or issues of great public importance.
(e) Discretion.
(1) Any party may suggest that an order be certified to be of great public importance. However, the decision to certify shall be within the absolute discretion of the county court and may be made by the court on its own motion.
(2) The district court of appeal, in its absolute discretion, shall by order accept or reject jurisdiction. Until the entry of such order, temporary jurisdiction shall be in the district court of appeal.
(f) Scope of Review.
(1) If the district court of appeal accepts the appeal, it will decide all issues that would have been subject to appeal if the appeal had been taken to the circuit court.
(2) If the district court declines to accept the appeal, it shall transfer the case together with the filing fee to the circuit court that has appellate jurisdiction.
(g) Record. The record shall be prepared and filed in accord with rule 9.110(e) or 9.140(de), depending on the nature of the appeal.
(h) Briefs. The form of the briefs and the briefing schedule shall be in accord with rules 9.110(f), 9.140, 9.210, and 9.220, depending on the nature of the appeal.
(i) Cross-Appeal. Cross-appeals shall be permitted according to the applicable rules only in those cases in which a cross-appeal would have been authorized if the appeal had been taken to circuit court.
(j) Applicability of Other Rules. All other matters pertaining to the appeal shall be governed by the rules that would be applicable if the appeal had been taken to circuit court.

Committee Notes
1984 Amendment. This rule was added to implement the amendments to sections 26.012 and 924.08 and the adoption of section 34.195 by the 1984 Legislature. Section 34.195 authorizes only the certification of final judgments, but section 924.08 authorizes the certification of non-final orders in criminal cases. Therefore, this rule does not provide for appeals from non-final orders in civil cases. Under the rationale of State v. Smith, 260 So.2d 489 (Fla.1972), the authority to provide for appeals from non-final orders may rest in the supreme court rather than in the legislature. However, in keeping with the spirit of the legislation, the rule was drafted to permit certification of those non-final orders in criminal cases that would otherwise be appealable to the circuit court.
Sections 26.012 and 924.08 authorize only the certification of orders deemed to be of great public importance. However, section 34.195 refers to the certification of questions in final judgments if the question may have statewide application and is of great public importance or affects the uniform administration of justice. The committee concluded that any order certified to be of great public importance might have statewide application and that any order that would affect the uniform administration of justice would also be of great public importance. Therefore, the additional statutory language was deemed to be surplusage, and the rule refers only to the requirement of certifying the order to be of great public importance.
The district court of appeal may, in its discretion, decline to accept the appeal, in which event it shall be transferred to the appropriate circuit court for disposition in the ordinary manner. Except as stated in the rule, the procedure shall be the same as would be followed if the appeal were being taken to circuit court. The rule does not authorize review of certified orders by common law certiorari.
It is recommended that in those cases involving issues of great public importance, parties should file suggestions for certification before the entry of the order from which *811 the appeal may be taken. However, parties are not precluded from suggesting certification following the entry of the order except that such suggestion, by itself, will not postpone rendition as defined in rule 9.020(gh).
1992 Amendment. Subdivision (c) was amended to require that the appellant, except in criminal cases, attach to its notice of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed.

RULE 9.180 APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES
(a) Applicability. Appellate review of proceedings in workers' compensation cases shall be as in civil cases except as specifically modified in this rule.
(b) Jurisdiction.
(1) Appeal. The First District Court of Appeal (the court) shall review by appeal any final order, as well as any nonfinal order of a lower tribunal that adjudicates
(A) jurisdiction;
(B) venue; or
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that claimant is entitled to receive causally related benefits in some amount, and provided further that the lower tribunal certifies in the order that determination of the exact nature and amount of benefits due to claimant will require substantial expense and time.
(2) Commencement. Jurisdiction of the court shall be invoked by filing two copies of a notice of appeal with the lower tribunal, accompanied by the filing fee prescribed by law unless a verified petition for relief from payment of the fee has been filed with the lower tribunal within 30 days of the date the order to be reviewed is mailed by the lower tribunal to the parties, which date shall be the date of rendition.
(3) Notice of Appeal. The notice shall be substantially in the form prescribed by rule 9.900(a), and shall contain a brief summary of the type of benefits affected, including a statement setting forth the time periods involved which shall be substantially in the following form:
I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:
1. Compensation for ..... (TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits) ..... from ..... (date) ..... to ..... (date) ......
2. Medical benefits.
3. Rehabilitation.
4. Reimbursement from the SDTF for benefits paid from ..... (date) ..... to..... (date) ......
5. Contribution for benefits paid from..... (date) ..... to ..... (date) ......
(4) Notice to Division and General Counsel. The judge of compensation claims shall send a copy of the notice and a certified copy of the order to the Division of Workers' Compensation and to the general counsel for the Department of Labor and Employment Security.
(c) Jurisdiction of Lower Tribunal.
(1) Substantive Issues. The lower tribunal retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.
(2) Settlement. At any time before the record on appeal is filed with the court, the lower tribunal shall have the authority to approve settlements or correct clerical errors in the order appealed.
(3) Relinquishment of Jurisdiction by Court to Consider Settlement. If, after the record on appeal is filed, settlement is reached, the parties shall file a joint motion stating that a settlement has been reached and requesting relinquishment of jurisdiction to the lower tribunal for approval of the settlement. The court may relinquish jurisdiction for a specified period for entry of an appropriate order. In the event the division has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion shall be furnished to the division by the appellant.
*812 (A) Notice. On or before the date specified in the order relinquishing jurisdiction, the parties shall file a joint notice of disposition of the settlement with a conformed copy of any order entered on the settlement
(B) Costs. Any order approving a settlement shall provide where appropriate for the assessment and recovery of appellate costs, including any costs incurred by the division for insolvent appellants.
(d) Benefits Affected. Benefits specifically referenced in the notice of appeal may be withheld as provided by law pending the outcome of the appeal. Otherwise, benefits awarded shall be paid as required by law.
(1) Abandonment. If the appellant or cross-appellant fails to argue entitlement to benefits set forth in the notice of appeal in the appellant's or cross-appellant's initial brief, the challenge to such benefits shall be deemed abandoned. If there is a dispute as to whether a challenge to certain benefits has been abandoned, the court upon motion shall make that determination.
(2) Payments of Benefits When Challenged Benefits are Abandoned. When benefits challenged on appeal have been abandoned under subdivision (d)(1) above, benefits no longer affected by the appeal are payable within 30 days of the service of the brief together with interest as required under section 440.20, Florida Statutes, from the date of the order of the lower tribunal making the award.
(3) Payment of Benefits After Appeal. If benefits are ordered paid by the court on completion of the appeal, they shall be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court's mandate. If the order of the court is appealed to the supreme court, benefits determined due by the court may be stayed in accordance with rule 9.310. Benefits ordered paid by the supreme court shall be paid within 30 days of the court's mandate
(e) Intervention by Division.
(1) District Court. Within 30 days from a notice or petition invoking the jurisdiction of the court the division may intervene by filing a notice of intervention as a party appellant/petitioner or appellee/respondent with the court and take positions on any relevant matters.
(2) Supreme Court. If review of an order of the court is sought in the supreme court, the division may intervene in accordance with these rules. The clerk of the supreme court shall provide a copy of the pertinent papers to the division.
(3) Division Not a Party Until Notice to Intervene is Filed. Until the notice of intervention is filed, the division shall not be considered a party.
(f) Record Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, depositions or exhibits admitted into evidence, transcripts of any hearings before the lower tribunal and the order appealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.
(2) Proffered Evidence. Evidence proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(3) Certification and Transmittal. The lower tribunal shall certify and transmit the record to the court as prescribed by these rules.
(4) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the lower tribunal shall certify as the record on appeal.
(5) Costs.
(A) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the lower tribunal shall notify the appellant of the estimated cost of preparing the record. The lower tribunal also shall notify the division of the estimated record costs if the appellant *813 files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125 of the Rules of Workers' Compensation Procedure.
(B) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal.
(C) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the lower tribunal shall notify the court, which may dismiss the appeal.
(D) State Agencies: Waiver of Costs. Any self-insured state agency or branch of state government, including the Division of Workers' Compensation and the Special Disability Trust Fund, need not deposit the estimated costs.
(E) Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal shall assess such costs against the appropriate party. If the division is obligated to pay the costs of the appeal due to appellant's indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal shall promptly notify the court if costs are not deposited as required.
(6) Preparation of Record.
(A) Selection of Reporter by Lower Tribunal. The lower tribunal shall supervise the preparation of the record. The lower tribunal or chief judge of compensation claims shall select the reporter or transcriber to prepare the record. The judge who makes the selection shall give the parties notice of the selection.
(B) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge who made the selection within 10 days after receiving notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(C) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the lower tribunal or chief judge of compensation claims shall transcribe, certify, and deliver all necessary copies of the record to the lower tribunal as required under these rules. The record shall be delivered in sufficient time for the lower tribunal to review the record and send it to the court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the lower tribunal.
(D) Certification and Transmittal by Lower Tribunal. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court.
(E) Copies. The lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties.
(7) Extensions. For good cause, the lower tribunal may extend by no more than 30 days the time for filing the record with the court. Any further extension of time may be granted by the court.
(8) Applicability of Rule 9.200. Rules 9.200(a)(3), (c), and (f) shall apply to preparation of the record in appeals under this rule.
(g) Relief From Filing Fee and Costs: Indigency.
(1) Indigency Defined. Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02, Florida Statutes.
(2) Filing Fee.
(A) Authority. An appellant may be relieved of paying filing fees by filing a verified petition or motion of indigency under section 57.081(1), Florida Statutes, with the lower tribunal.
(B) Time. The verified petition or motion of indigency must be filed with the lower tribunal together with the notice of appeal.
(C) Verified Petition: Contents. The verified petition or motion shall contain a *814 statement by the appellant to be relieved of paying filing fees due to indigency and appellant's inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:
(i) If the appellant is unrepresented by counsel, a financial affidavit; or
(ii) If the appellant is represented by counsel, counsel shall certify that counsel has investigated (a) the appellant's financial condition and finds appellant indigent; and (b) the nature of appellant's position and believes it to be meritorious as a matter of law. Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.
(D) Service. Appellant shall serve a copy of the verified petition or motion of indigency, including appellant's financial affidavit or counsel's certificate, whichever is applicable, on all interested parties, including the Division, general counsel of the Department of Labor and Employment Security, and the clerk of the court.
(E) Order or Certificate of Indigency. The lower tribunal shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, appellant shall deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely review is sought by motion filed with the court.
(3) Costs of Preparation of Record.
(A) Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) in a form substantially the same as form 4.9125 of the Rules of Workers' Compensation Procedure.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed prior to the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant's attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the division, the office of general counsel of the Department of Labor and Employment Security, and the clerk of the court.
(F) Hearing on Petition to Be Relieved of Costs. After giving 15 days' notice to the division and all parties, the lower tribunal shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the lower tribunal may enter an order on the merits of the petition without a hearing.
*815 (G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition,
(H) Extension Of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the lower tribunal may order the Workers' Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(J) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.
(h) Briefs and Motions Directed to Briefs.
(1) Briefs: Final Order Appeals. Within 30 days after the lower tribunal certifies the record to the court, the appellant shall file an original and 3 copies of the initial brief with the court. A copy shall be served on the appellee. Additional briefs shall be served as prescribed by rule 9.210.
(2) Briefs: Non-final Appeals. Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(3) Motions to Strike. Motions to strike a brief or portions of a brief will not be entertained by the court. However, a party, in its own brief, may call to the court's attention a breach of these rules. If no further responsive brief is authorized, noncompliance may be brought to the court's attention by filing a suggestion of noncompliance. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(i) Attorneys' Fees and Appellate Costs.
(1) Costs. Appellate costs shall be taxed as provided by law. Taxable costs shall include those items listed in rule 9.400 and costs for a transcript included in an appendix as part of an appeal of a nonfinal order.
(2) Attorneys' Fees. A motion for attorneys' fees shall be served in accordance with rule 9.400(b).
(3) Entitlement and Amount of Fees and Costs. If the court determines that an appellate fee is due, the lower tribunal shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorney fee and costs due at any time after the mandate is issued.
(4) Review. Review shall be in accordance with rule 9.400(c).

Committee Notes
1996 Adoption. Rule 9.180 is intended to supersede rules 4.160, 4.161, 4.165, 4.166, 4.170, 4.180, 4.190, 4.220, 4.225, 4.230, 4.240, 4.250, 4.260, 4.265, 4.270, and 4.280 of the Rules of Workers' Compensation Procedure. In consolidating those rules into one rule and incorporating them into the Rules of Appellate Procedure, duplicative rules have been eliminated. The change was not intended to change the general nature of workers' compensation appeals. It is contemplated there still may be multiple "final orders." See 1980 Committee Note, Fla.R.Work.Comp.P. 4.160.
The orders listed in rules 9.180(b)(1)(A), (B), and (C) are the only nonfinal orders appealable before entry of a final order in worker's' compensation cases.
*816 Rule 9.180(b)(2) now limits the place for filing the notice of appeal to the lower tribunal that entered the order and not any judge of compensation claims as the former rule provided.
Rule 9.180(f)(6)(E) provides that the lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties. It is contemplated that the lower tribunal can accomplish that in whatever manner the lower tribunal deems most convenient for itself, such as, having copies available that counsel or the parties may pick up.

RULE 9.200. THE RECORD.
(a) Contents.
(1) Except as otherwise designated by the parties, Tthe record shall consist of the original documents, exhibits, and transcript(s) of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices, depositions, other discovery and physical evidence.
(2) In family law cases the record shall include those items designated in subdivision (a)(1) except that the clerk of the lower tribunal shall retain the original orders, reports and recommendations of masters or hearing officers, and judgments within the file of the lower tribunal and shall include copies thereof within the record.
(23) Within 10 days of filing the notice of appeal an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(f). If the clerk is directed to transmit less than the entire record of a transcript of trial with less than the transcript of all of the testimony in a proceeding, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(34) The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.
(b) Transcript(s) of Proceedings.
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the transcript of proceedings not on file deemed necessary for transcription and inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of the original and all copies of the transcript(s) so designated of proceedings shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).
(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish copies as requested in the designation. If a designating party directs the court reporter to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated portion of the transcript(s) on the parties within 5 days of receipt from the court reporter. The transcript of proceedingsthe trial shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) On service of a designation, the reporter shall acknowledge at the foot of the designation *817 the fact that it has been received and the date on which the reporter expects to have the transcript(s) completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the reporter shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the reporter requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s) is due.
(4) If no report of the proceedings was made, or if athe transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) Cross-Appeals. Within 20 days of filing the notice, a cross-appellant may direct that additional documents, exhibits, or Portion of the transcript(s) of proceedings be included in the record. If less than the entire record is designated, the cross-appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee shall have 10 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.
(d) Duties of Clerk; Preparation and Transmittal of Record.
(1) The clerk of the lower tribunal shall prepare the record as follows:
(A) The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of theany transcript(s) of proceedings into the record. The transcript of the trial shall be incorporated at the end of the record, and shall not be renumbered by the clerk.
(B) The remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be consecutively numbered. The record shall be securely bound in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain the name of the lower tribunal and the style and number of the case.
(2) The clerk of the lower tribunal shall prepare a complete index to the record.
(3) The clerk of the lower tribunal shall certify and transmit the record to the court as prescribed by these rules; provided that if the parties stipulate or the lower tribunal orders that the original record be retained, the clerk shall prepare and transmit a certified copy.
(e) Duties of Appellant or Petitioner. The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.
(f) Correcting and Supplementing Record.
(1) If there is an error or omission in the record, the parties by stipulation, the lower tribunal before the record is transmitted, or the court may correct the record.
(2) If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.
(g) Return of Record. In civil cases, the record shall be returned to the lower tribunal after final disposition by the court.
Committee Notes
1977 Amendment. This rule replaces former rule 3.6 and represents a complete revision of the matters pertaining to the record for an appellate proceeding. References in this rule to "appellant" and "appellee" should be treated as equivalent to "petitioner" and *818 "respondent," respectively. See Commentary, Fla.R.App.P. 9.020. This rule is based in part on Federal Rule of Appellate Procedure 10(b).
Subdivision (a)(1) establishes the content of the record unless an appellant within 10 days of filing the notice directs the clerk to exclude portions of the record or to include additional portions, or the appellee within 20 days of the notice being filed directs inclusion of additional portions. In lieu of a record, the parties may prepare a stipulated statement, attaching a copy of the order that is sought to be reviewed and essential portions of the record. If a stipulated statement is prepared, the parties must advise the clerk not to prepare the record. The stipulated statement is to be filed and transmitted within the time prescribed for transmittal of the record. If less than a full record is to be used, the initiating party must serve a statement of the judicial acts to be reviewed so that the opposing party may determine whether additional portions of the record are required. Such a statement is not intended to be the equivalent of assignments of error under former rule 3.5. Any inadequacy in the statement may be cured by motion to supplement the record under subdivision (f) of this rule.
Subdivision (a) interacts with subdivision (b) so that as soon as the notice is filed the clerk of the lower tribunal will prepare and transmit the complete record of the case as described by the rule. To include in the record any of the items automatically omitted, a party must designate the items desired. A transcript of the proceedings in the lower tribunal will not be prepared or transmitted unless already filed, or the parties designate the portions of the transcript desired to be transmitted. Subdivision (b)(2) imposes on the reporter an affirmative duty to prepare the transcript of the proceedings as soon as designated. It is intended that to complete the preparation of all official papers to be filed with the court, the appellant need only file the notice, designate omitted portions of the record that are desired, and designate the desired portions of the transcript. It therefore will be unnecessary to file directions with the clerk of the lower tribunal in most cases.
Subdivision (b)(1) replaces former rule 3.6(d)(2), and specifically requires service of the designation on the court reporter. This is intended to avoid delays that sometimes occur when a party files the designation, but fails to notify the court reporter that a transcript is needed. The rule also establishes the responsibility of the designating party to initially bear the cost of the transcript.
Subdivision (b)(2) replaces former rule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties on request. Such a request may be included in the designation. Under subdivision (e), however, the responsibility for ensuring performance remains with the parties. The requirement that pages be consecutively numbered is new and is deemed necessary to assure continuity and ease of reference for the convenience of the court. This requirement applies even if 2 or more parties designate portions of the proceedings for transcription. It is intended that the transcript portions transmitted to the court constitute a single consecutively numbered document in 1 or more volumes not exceeding 200 pages each. If there is more than 1 court reporter, the clerk will renumber the pages of the transcript copies so that they are sequential. The requirement of a complete index at the beginning of each volume is new, and is necessary to standardize the format and to guide those preparing transcripts.
Subdivision (b)(3) provides the procedures to be followed if no transcript is available.
Subdivision (c) provides the procedures to be followed if there is a cross-appeal or cross-petition.
Subdivision (d) sets forth the manner in which the clerk of the lower tribunal is to prepare the record. The original record is to be transmitted unless the parties stipulate or the lower court orders the original be retained, except that under rule 9.140(d) (governing criminal cases), the original is to be retained unless the court orders otherwise.
*819 Sub division (e) places the burden of enforcement of this rule on the appellant or petitioner, but any party may move for an order requiring adherence to the rule.
Subdivision (f) replaces former rule 3.6(1). The new rule is intended to ensure that appellate proceedings will be decided on their merits and that no showing of good cause, negligence, or accident is required before the lower tribunal or the court orders the completion of the record. This rule is intended to ensure that any portion of the record in the lower tribunal that is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations that have occurred in the past when an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether there was an error. See Pan American Metal Prods, Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record that result from the failure of a party to make a proper record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record developed in the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault.
Subdivision (g) requires that the record in civil cases be returned to the lower tribunal after final disposition by the court regardless of whether the original record or a copy was used. The court may retain or return the record in criminal cases according to its internal administration policies.
1980 Amendment. Subdivisions (b)(1) and (b)(2) were amended to specify that the party designating portions of the transcript for inclusion in the record on appeal shall pay for the cost of transcription and shall pay for and furnish a copy of the portions designated for all opposing parties. See rule 9.420(b) and 1980 committee note thereto relating to limitations of number of copies.
1987 Amendment. Subdivision (b)(3) above is patterned after Federal Rule of Appellate Procedure 11(b).
1992 Amendment. Subdivisions (b)(2), (d)(1)(A), and (d)(1)(B) were amended to standardize the lower court clerk's procedure with respect to the placement and pagination of the transcript in the record on appeal. This amendment places the duty of paginating the transcript on the court reporter and requires the clerk to include the transcript at the end of the record, without repagination.
1996 Amendment. Subdivision (a)(2) was added because family law cases frequently have continuing activity at the lower tribunal level during the pendency of appellate proceedings and that continued activity may be hampered by the absence of orders being enforced during the pendency of the appeal.
Subdivision (b)(2) was amended to change the wording in the third sentence from "transcript of proceedings" to "transcript of the trial" to be consistent with and to clarify the requirement in subdivision (d)(1)(B) that it is only the transcript of trial that is not to be renumbered by the clerk. Pursuant to subdivision (d)(1)(B), it remains the duty of the clerk to consecutively number transcripts other than the transcript of the trial. Subdivision (b)(2) retains the requirement that the court reporter is to number each page of the transcript of the trial consecutively, but it is the committee's view that if the consecutive pagination requirement is impracticable or becomes a hardship for the court reporting entity, relief may be sought from the court.

RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1) Briefs shall be printed, typewritten, or duplicated on opaque, white, unglossed paper. If printed, the brief shall be 6 by 9 inches; if typewritten, the brief shall be 8 by 11 inches.
(2) The lettering in briefs shall be black and in distinct type, and with margins no less *820 than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Text shall be printed in type of no more than 10 characters per inch. Text should be double spaced so that there are no more than 27 lines per page. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text.
(3) Briefs shallshould be securely bound in book form and fastened along the left side in a manner that will allow them to lie flat when opened. Alternatively, briefs may be securely stapled in the upper left corner. No other method of securing the brief is acceptable. Headings shall be in capital letters and, if printed, subheadings shall be in bold type not less than 11 points.
(4) The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name and address of the attorney filing the brief.
(5) The initial and answer briefs shall not exceed 50 pages in length. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The table of contents and the citation of authorities shall be excluded from the computation. Longer briefs may be permitted by the court.
(b) Contents of Initial Brief. The initial brief shall contain the following, in order:
(1) A table of contents listing the issues presented for review, with references to pages.
(2) A table of citations with cases listed alphabetically, statutes and other authorities, and the pages of the brief on which each citation appears. See rule 9.800 for a uniform citation system.
(3) A statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal. References to the appropriate volume and pages of the record or transcript shall be made.
(4) A summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief. It should not be a mere repetition of the headings under which the argument is arranged. It should seldom exceed 2 and never 5 pages.
(5) Argument with regard to each issue.
(6) A conclusion, of not more than 1 page, setting forth the precise relief sought.
(c) Contents of Answer Brief. The answer brief shall be prepared in the same manner as the initial brief; provided that the statement of the case and of the facts shall-may be omitted unless there are areas of disagreement, which should be clearly specified. If a cross-appeal has been filed, the answer brief shall include the issues in the cross-appeal that are presented for review, and argument in support of those issues.
(d) Contents of Reply Brief. The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief.
(e) Contents of Cross-Reply Brief. The cross-reply brief is limited to rebuttal of argument of the cross-appellee.
(f) Times for Service of Briefs. The times for serving jurisdiction and initial briefs are prescribed by rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 20 days after service of the initial brief; the reply brief, if any, shall be served within 20 days after service of the answer brief; and the cross-reply brief, if any, shall be served within 20 days thereafter.
(g) Notice of Supplemental Authority. Notices of supplemental authority may be filed with the court before a decision has been rendered to call attention to decisions, rules, statutes, or other authorities that have been discovered after the last brief served in the cause. The notice may identify briefly the points argued on appeal to which the supplemental authorities are pertinent, but shall not contain argument. Copies of the *821 supplemental authorities shall be attached to the notice.
(hg) Filing with Courts. The filing requirements of the courts are as follows:
(1) Circuit Courts. Original and 1 copy.
(2) District Courts of Appeal. Original and 3 copies.
(3) Supreme Court. Original and 7 copies; except that 5 copies only shall accompany the original jurisdictional briefs prescribed in rule 9.120(d).
(ih) Citations. Counsel are requested to use the uniform citation system prescribed by rule 9.800.

Committee Notes
1977 Amendment. This rule essentially retains the substance of former rule 3.7. Under subdivision (a) only 4 briefs on the merits are permitted to be filed in any 1 proceeding: an initial brief by the appellant or petitioner, an answer brief by the appellee or respondent, a reply brief by the appellant or petitioner, and a cross-reply brief by the appellee or respondent (if a cross-appeal or petition has been filed). A limit of 50 pages has been placed on the length of the initial and answer briefs, 15 pages for reply and cross-reply briefs (unless a cross-appeal or petition has been filed), and 20 pages for jurisdictional briefs, exclusive of the table of contents and citations of authorities. Although the court may by order permit briefs longer than allowed by this rule, the advisory committee contemplates that extensions in length will not be readily granted by the courts under these rules. General experience has been that even briefs within the limits of the rule are usually excessively long.
Subdivisions (b), (c), (d), and (e) set forth the format for briefs and retain the substance of former rules 3.7(f), (g), and (h). Particular note must be taken of the requirement that the statement of the case and facts include reference to the record. The abolition of assignments of error requires that counsel be vigilant in specifying for the court the errors committed; that greater attention be given the formulation of questions presented; and that counsel comply with subdidivsion (b)(5) by setting forth the precise relief sought. The table of contents will contain the statement of issues presented. The pages of the brief on which argument on each issue begins must be given. It is optional to have a second, separate listing of the issues. Subdivision (c) affirmatively requires that no statement of the facts of the case be made by an appellee or respondent unless there is disagreement with the initial brief, and then only to the extent of disagreement. It is unacceptable in an answer brief to make a general statement that the facts in the initial brief are accepted, except as rejected in the argument section of the answer brief. Parties are encouraged to place every fact utilized in the argument section of the brief in the statement of facts.
Subdivision (f) sets forth the times for service of briefs after service of the initial brief. Times for service of the initial brief are governed by the relevant rule.
Subdivision (g) authorizes the filing of notices of supplemental authority at any time between the submission of briefs and rendition of a decision. Argument in such a notice is absolutely prohibited.
Subdivision (h) states the number of copies of each brief that must be filed with the clerk of the court involved1 copy for each judge or justice in addition to the original for the permanent court file. This rule is not intended to limit the power of the court to require additional briefs at any time.
The style and form for the citation of authorities should conform to the uniform citation system adopted by the Supreme Court of Florida, which is reproduced in rule 9.800.
The advisory committee urges counsel to minimize references in their briefs to the parties by such designations as "appellant," "appellee," "petitioner," and "respondent." It promotes clarity to use actual names or descriptive terms such as "the employee," "the taxpayer," "the agency," etc. See Fed. R.App.P. 28(d).
1980 Amendment. Jurisdictional briefs, now limited to 10 pages by subdivision (a), are to be filed only in the 4 situations presented *822 in rules 9.030(a)(2)(A)(i), (ii), (iii), and (iv).
A district court decision without opinion is not reviewable on discretionary conflict jurisdiction. See Jenkins v. State, 385 So.2d 1356 (Fla.1980); Dodi Publishing Co. v. Editorial Am., S.A., 385 So.2d 1369 (Fla.1980). The discussion of jurisdictional brief requirements in such cases that is contained in the 1977 revision of the committee notes to rule 9.120 should be disregarded.
1984 Amendment. Subdivision (b)(4) is new; subdivision (b)(5) has been renumbered from former (b)(4); subdivision (b)(6) has been renumbered from former (b)(5). Subdivision (g) has been amended.
The summary of argument required by (b)(4) is designed to assist the court in studying briefs and preparing for argument; the rule is similar to rules of the various United States courts of appeals.
1992 Amendment. Subdivision (a)(2) was amended to bring into uniformity the type size and spacing on all briefs filed under these rules. Practice under the previous rule allowed briefs to be filed with footnotes and quotations in different, usually smaller, type sizes and spacing. Use of such smaller type allowed some overly long briefs to circumvent the reasonable length requirements established by subdivision (a)(5) of this rule. The small type size and spacing of briefs allowed under the old rule also resulted in briefs that were difficult to read. The amended rule requires that all textual material wherever found in the brief will be printed in the same size type with the same spacing.
Subdivision (g) was amended to provide that notices of supplemental authority may call the court's attention, not only to decisions, rules, or statutes, but also to other authorities that have been discovered since the last brief was served. The amendment further provides that the notice may identify briefly the points on appeal to which the supplemental authorities are pertinent. This amendment continues to prohibit argument in such notices, but should allow the court and opposing counsel to identify more quickly those issues on appeal to which these notices are relevant.
1996 Amendment. Former subdivision (g) concerning notices of supplemental authority was transferred to new rule 9.225.

Court Commentary
1987. The commission expressed the view that the existing page limits for briefs, in cases other than those in the Supreme Court of Florida, are tailored to the "extraordinary" case rather than the "ordinary" case. In accordance with this view, the commission proposed that the page limits of briefs in appellate courts other than the supreme court be reduced. The appellate courts would, however, be given discretion to expand the reduced page limits in the "extraordinary" case.

RULE 9.225. NOTICE OF SUPPLIMENTAL AUTHORITY
Notices of supplemental authority may be filed with the court before a decision has been rendered to call attention to decisions, rules, statutes, or other authorities that are significant to the issues raised and that have been discovered after the last brief served in the cause. The notice may identify briefly the points argued on appeal to which the supplemental authorities are pertinent, but shall not contain argument. Copies of the supplemental authorities shall be attached to the notice.

Committee Notes
1996 Adoption. Formerly rule 9.210(g) with the addition of language that requires that supplemental authorities be significant to the issues raised.

RULE 9.300. MOTIONS
(a) Contents of Motion; Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefore. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof, and appropriate citations of authority. A motion for an extension of time shall, and other motions if appropriate may, contain a certificate that the movant's counsel has consulted opposing counsel and that the movant's counsel is authorized to represent that opposing *823 counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve 1 response to a motion within 10 days of service of the motion. The court may shorten or extend the time for response to a motion.
(b) Effect on Proceedings. Except as prescribed by subdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion. An order granting an extension of time for any act shall automatically extend the time for all other acts that bear a time relation to it. An order granting an extension of time for preparation of the record, or the index to the record, or for filing of the transcript of proceedings, shall extend automatically, for a like period, the time for service of appellant's initial brief. A conformed copy of an order extending time shall be transmitted forthwith to the clerk of the lower tribunal until the record has been transmitted to the court.
(c) Emergency Relief; Notice. A party seeking emergency relief shall, if practicable, give reasonable notice to all parties.
(d) Motions Not Tolling Time.
(1) Motions for post-trial release, rule 9.140(eg).
(2) Motions for stay pending appeal, rule 9.310(f).
(3) Motions relating to oral argument, rule 9.320.
(4) Motions relating to joinder and substitution of parties, rule 9.360.
(5) Motions relating to amicus curiae, rule 9.370.
(6) Motions relating to attorneys' fees on appeal, rule 9.400.
(7) Motions relating to service, rule 9.420.
(8) Motions relating to admission or withdrawal of attorneys, rule 9.440.
(9) Motions relating to expediting the appeal.
(910) All motions filed in the supreme court, unless accompanied by a separate request to toll time.

Committee Notes
1977 Amendment. This rule replaces former rule 3.9.
Subdivision (a) is new, except to the extent it replaces former rule 3.9(g), and is intended to outline matters required to be included in motions. These provisions are necessary because it is anticipated that oral argument will only rarely be permitted. Any matters that formerly would have been included in a brief on a motion should be included in the motion. Although affidavits and other documents not appealing in the record may be included in the appendix, it is to be emphasized that such materials are limited to matter germane to the motion, and are not to include matters related to the merits of the case. The advisory committee was of the view that briefs on motions are cumbersome and unnecessary. The advisory committee anticipates that the motion document will become simple and unified, with unnecessary technical language eliminated. Routine motions usually require only limited argument. Provision is made for a response by the opposing party. No further responses by either party are permitted, however, without an order of the court entered on the court's own motion or the motion of a party. To ensure cooperation and communication between opposing counsel, and conservation of judicial resources, a party moving for an extension of time is required to certify that opposing counsel has been consulted, and either has no objection or intends to serve an objection promptly. The certificate may also be used for other motions if appropriate. Only the motions listed in subdivision (d) do not toll the time for performance of the next act. Subdivision (d)(9) codifies current practice in the supreme court, where motions do not toll time unless the court approves a specific request, for good cause shown, to toll time for the performance of the next act. Very few motions filed in that court warrant a delay in further procedural steps to be taken in a case.
The advisory committee considered and rejected as unwise a proposal to allow at least *824 15 days to perform the next act after a motion tolling time was disposed.
Subdivision (b) replaces former rule 3.9(f).
Subdivision (c) is new and has been included at the request of members of the judiciary. It is intended to require that counsel make a reasonable effort to give actual notice to opposing counsel when emergency relief is sought from a court.
Specific reference to motions to quash or dismiss appeals contained in former rules 3.9(b) and (c) has been eliminated as unnecessary. It is not intended that such motions be abolished. Courts have the inherent power to quash frivolous appeals, and subdivision (a) guarantees to any party the right to file a motion. Although no special time limitations are placed on such motions, delay in presenting any motion may influence the relief granted or sanctions imposed under rule 9.410.
As was the case under former rule 3.8, a motion may be filed in either the lower tribunal or the court, in accordance with rule 9.600.
1980 Amendment. Subdivision (b) was amended to require the clerk of either court to notify the other clerk when an extension of time has been granted, up to the time that the record on appeal has been transmitted to the court, so that the clerk of the lower tribunal will be able to properly compute the time for transmitting the record on appeal, and that both courts may properly compute the time for performing subsequent acts.
1992 Amendment. Subdivision (b) was amended to clarify an uncertainty over time deadlines. The existing rule provided that an extension of time for performing an act automatically extended for a comparable period any other act that had a time relation thereto. The briefing schedule, however, is related by time only to the filing of the notice of appeal. Accordingly, this amendment provides that orders extending the time for preparation of the record, the index to the record, or a transcript, automatically extends for the same period the time for service of the initial brief. Subdivision (b) also was amended to correlate with rule 9.600(a), which provides that only an appellate court may grant an extension of time.

RULE 9.310. STAY PENDING REVIEW
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
(3) Judge of Compensation Claims Awards. The timely filing of a notice shall automatically operate as a stay pending review of an award by a judge of compensation claims on a claim for birth-related neurological injuries.
(c) Bond.
(1) Defined. A good and sufficient bond is a bond with a principal and a surety company authorized to do business in the State of Florida, or cash deposited in the circuit court clerk's office. The lower tribunal shall have continuing jurisdiction to determine *825 the actual sufficiency of any such bond.
(2) Conditions. The conditions of a bond shall include a condition to pay or comply with the order in full, including costs; interest; fees; and damages for delay, use, detention, and depreciation of property, if the review is dismissed or order affirmed; and may include such other conditions as may be required by the lower tribunal.
(d) Judgment Against a Surety. A surety on a bond conditioning a stay submits to the jurisdiction of the lower tribunal and the court. The liability of the surety on such bond may be enforced by the lower tribunal or the court, after motion and notice, without the necessity of an independent action.
(e) Duration. A stay entered by a lower tribunal shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, or unless otherwise modified or vacated.
(f) Review. Review of orders entered by lower tribunals under this rule shall be by the court on motion.

Committee Notes
1977 Amendment. This rule replaces former rules 5.1 through 5.12. It implements the Administrative Procedure Act, section 120.68(3), Florida Statutes (Supp.1976).
Subdivision (a) provides for obtaining a stay pending review by filing a motion in the lower tribunal, and clarifies the authority of the lower tribunal to increase or decrease the bond or deal with other conditions of the stay, even though the case is pending before the court. Exceptions are provided in subdivision (b). The rule preserves any statutory right to a stay. The court has plenary power to alter any requirements imposed by the lower tribunal. A party desiring exercise of the court's power may seek review by motion under subdivision (f) of this rule.
Subdivision (b)(1) replaces former rule 5.7. It establishes a fixed formula for determining the amount of the bond if there is a judgment solely for money. This formula shall be automatically accepted by the clerk. If an insurance company is a party to an action with its insured, and the judgment exceeds the insurance company's limits of liability, the rule permits the insurance company to supersede by posting a bond in the amount of its limits of liability, plus 15 percent. For the insured co-defendant to obtain a stay, bond must be posted for the portion of the judgment entered against the insured codefendant plus 15 percent. The 15 percent figure was chosen as a reasonable estimate of 2 years' interest and costs, it being very likely that the stay would remain in effect for over 1 year.
Subdivision (b)(2) replaces former rule 5.12. It provides for an automatic stay without bond as soon as a notice invoking jurisdiction is filed by the state or any other public body, other than in criminal cases, which are covered by rule 9.140(c)(3), but the lower tribunal may vacate the stay or require a bond. This rule supersedes Leivis v. Career Service Commission, 332 So.2d 371 (Fla. 1st DCA 1976).
Subdivision (c) retains the substance of former rule 5.6, and states the mandatory conditions of the bond.
Subdivision (d) retains the substance of former rule 5.11, with an additional provision for entry of judgment by the court so that if the lower tribunal is an agency, resort to an independent action is unnecessary.
Subdivision (e) is new and is intended to permit a stay for which a single bond premium has been paid to remain effective during all review proceedings. The stay is vacated by issuance of mandate or an order vacating it. There are no automatic stays of mandate under these rules, except for the state or a public body under subdivision (b)(2) of this rule, or if a stay as of right is guaranteed by statute. See, e.g., § 120.68(3), Fla.Stat. (Supp.1976). This rule interacts with rule 9.340, however, so that a party has 15 days between rendition of the court's decision and issuance of mandate (unless issuance of mandate is expedited) to move for a stay of mandate pending review. If such motion is granted, any stay and bond previously in effect continues, except to the extent of any modifications, by operation of this rule. If circumstances arise requiring alteration of the terms of the stay, the party asserting the *826 need for such change should apply by motion for the appropriate order.
Subdivision (f) provides for review of orders regarding stays pending appeal by motion in the court.
Although the normal and preferred procedure is for the parties to seek the stay in the lower court, this rule is not intended to limit the constitutional power of the court to issue stay orders after its jurisdiction has been invoked. It is intended that if review of the decision of a Florida court is sought in the United States Supreme Court, a party may move for a stay of mandate, but subdivision (e) does not apply in such eases.
1984 Amendment. Because of recent increases in the statutory rate of interest on judgments, subdivision (b)(1) was amended to provide that 2 years' interest on the judgment, rather than 15 percent of the judgment, be posted in addition to the principal amount of the judgment. In addition, the subdivision was amended to cure a deficiency in the prior rule revealed by Proprietors Insurance Co. v. Valsecchi, 385 So.2d 749 (Fla. 3d DCA 1980). As under the former rule, if a party has an obligation to pay interest only on the judgment, the bond required for that party shall be equal to the principal amount of the judgment plus 2 years' interest on it. In some eases, however, an insurer may be liable under its policy to pay interest on the entire amount of the judgment against its insured, notwithstanding that the judgment against it may be limited to a lesser amount by its policy limits. See Highway Casualty Co. v. Johnston, 104 So.2d 734 (Fla.1958). In that situation, the amended rule requires the insurance company to supersede the limited judgment against it by posting a bond in the amount of the judgment plus 2 years' interest on the judgment against its insured, so that the bond will more closely approximate the insurer's actual liability to the plaintiff at the end of the duration of the stay. If such a bond is posted by an insurer, the insured may obtain a stay by posting a bond in the amount of the judgment against it in excess of that superseded by the insurer. The extent of coverage and obligation to pay interest may, in certain cases, require an evidentiary determination by the court.
1992 Amendment. Subdivision (c)(1) was amended to eliminate the ability of a party posting a bond to do so through the use of 2 personal sureties. The committee was of the opinion that a meaningful supersedeas could be obtained only through the use of either a surety company or the posting of cash. The committee also felt, however, that it was appropriate to note that the lower tribunal retained continuing jurisdiction over the actual sufficiency of any such bond.

RULE 9.315. EXPEDITED SUMMARY DISPOSITION
(a) ExpeditedSummary Affirmance. After service of the initial brief in appeals under rule 9.110, 9.130, or 9.140, or after service of the answer brief if a cross-appeal has been filed, the court may summarily affirm the order to be reviewed if the court finds that no preliminary basis for reversal has been demonstrated.
(b) ExpeditedSummary Reversal. After service of the answer brief in appeals under rule 9.110, 9.130, or 9.140, or after service of the reply brief if a cross-appeal has been filed, the court may summarily reverse the order to be reviewed if the court finds that no meritorious basis exists for affirmance and the order otherwise is subject to reversal.
(c) Motions Not Permitted. This rule may be invoked only on the court's own motion. A party may not request summary disposition.

Court Commentary
1987. This rule contemplates a screening process by the appellate courts. More time will be spent early in the case to save more time later. The rule is fair in that appellant has an opportunity to file a full brief. The thought behind this proposal is to allow expeditious disposition of nonmeritorious appeals or obviously meritorious appeals.

RULE 9.400. COSTS AND ATTORNEYS' FEES
(a) Costs. Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include
*827 (1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.
(b) Attorneys' Fees. A motion for attorneys' fees may be served not later than the time for service of the reply brief and shall state the grounds on which recovery is sought. The assessment of attorneys' fees may be remanded to the lower tribunal. If attorneys' fees are assessed by the court, the lower tribunal may enforce payment.
(c) Review. Review of orders rendered by the lower tribunal under this rule shall be by motion filed in the court within 30 days of rendition.

Committee Notes
1977 Amendment. Subdivision (a) replaces former rules 3.16(a) and (b). It specifies allowable cost items according to the current practice. Item (3) is not intended to apply to bail bond premiums. Item (4) is intended to permit future flexibility. This rule provides that the prevailing party must move for costs in the lower tribunal within 30 days after issuance of the mandate.
Subdivision (b) retains the substance of former rule 3.16(e). The motion for attorneys' fees must contain a statement of the legal basis for recovery. The elimination of the reference in the former rule to attorneys' fees "allowable by law" is not intended to give a right to assessment of attorneys' fees unless otherwise permitted by substantive law.
Subdivision (c) replaces former rules 3.16(c) and (d). It changes from 20 days to 30 days the time for filing a motion to review an assessment of costs or attorneys' fees by a lower tribunal acting under order of the court.

RULE 9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME
(a) Filing. Filing may be accomplished by filing with the clerk; provided that a justice or judge may accept the documents for filing, and shall note the filing date and forthwith transmit them to the office of the clerk.
(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed under these rules shall, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.
(c) Method and Proof of Service.
(1) How Made. If service is required or permitted to be made on a party represented by an attorney, service shall be made on the attorney unless service on the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (A) handing it to the attorney or to the party, or (B) leaving it at the attorney's or party's office with the clerk or other person in charge thereof, or (C) if there is no one in charge, leaving it in a conspicuous place therein, or (D) if the office is closed or the person to be served has no office, leaving it at the attorney's or party's usual place of abode with some person of the attorney's or party's family above 15 years of age and informing such person of the contents. Service by mail shall be complete on mailing.
(2) Certificate of Service. If any attorney shall certify in substance:
I certify that a copy hereof has been furnished to ______________________________________________________
 (here insert name or names)
by _________________________________ this ________ day of __________, 19____.
 (delivery) (mail)
*828
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No.________________________________________
the certificate shall be taken as prima facie proof of such service in compliance with these rules. The certificate shall specify the party each attorney represents.
(d) Additional Time After Service by Mail. If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period.
(e) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday described below, in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday, nor holiday. If the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation. As used in this rule, holiday means
(1) New Year's Day;
(2) Martin Luther King, Jr.'s Birthday, the third Monday in January;
(3) Washington's Birthday, the third Monday in February;
(4) Good Friday;
(5) Memorial Day, the last Monday in May;
(6) Independence Day;
(7) Labor Day, the first Monday in September;
(8) Columbus Day, the second Monday in October;
(9) Veterans' Day;
(10) General Election Day;
(11) Thanksgiving Day, the fourth Thursday in November;
(12) Christmas Day;
(13) any statewide primary day;
(14) any Monday immediately following a Sunday on which one of the foregoing holidays falls; and
(15) any other day when the clerk's office is closed.

Committee Notes
1977 Amendment. Subdivision (a) replaces former rule 3.4(a). The last sentence of former rule 3.4(a) was eliminated as superfluous. The filing of papers with a judge or justice is permitted at the discretion of the judge or justice. The advisory committee recommends that the ability to file with a judge or justice be exercised only if necessary, and that care be taken not to discuss in any manner the merits of the document being filed. See Fla.Code Prof.Resp., DR 7-110 (B) (now R.Regulating Fla.Bar 4-3.5(b)); Fla.Code Jud.Conduct, Canon 3(A)(4).
Subdivision (b) replaces and simplifies former rules 3.4(b)(5) and 3.6(i)(3). The substance of the last sentence of former rule 3.4(b)(5) is preserved. It should be noted that except for the notices or petitions that invoke jurisdiction, these rules generally provide for service by a certain time rather than filing. Under this provision filing must be done before service or immediately thereafter. Emphasis has been placed on service so as to eliminate the hardship on parties caused by tardy service under the former rules and to eliminate the burden placed on the courts by motions for extension of time resulting from such tardy service. It is anticipated *829 that tardy filing will occur less frequently under these rules than tardy service under the former rules because the parties are unlikely to act in a manner that would irritate the court. The manner for service and proof thereof is provided in subdivision (0.
Subdivision (d) replaces former rule 3.4(b)(3) and provides that if a party or clerk is required or permitted to do an act within a prescribed time after service, 5 days (instead of 3 days under the former rule) shall be added to the time if service is by mail.
Subdivision (e) replaces former rule 3.18 with no substantial change. "Holiday" is defined to include any day the clerk's office is closed whether or not done by order of the court. The holidays specifically listed have been included, even though many courts do not recognize them as holidays, to not place a burden on practitioners to check whether an individual court plans to observe a particular holiday.
1980 Amendment. Subdivision (b) was amended to provide that either the lower tribunal or the court may limit the number of copies to be served. The rule contemplates that the number of copies may be limited on any showing of good cause, for example, that the number of copies involved is onerous or that the appeal involves questions with which some parties have no interest in the outcome or are so remotely involved as not to justify furnishing a complete record to them at appellant's initial cost. The availability of the original record at the clerk's office of the lower tribunal until due at the appellate court is a factor to be considered.

RULE 9.430. PROCEEDINGS BY INDIGENTS
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing the party's inability either to pay fees and costs or to give security therefore. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or' costs in the lower tribunal or court or the giving of security therefore. If the motion is denied, the lower tribunal shall state in writing the reasons therefore. Review shall be by motion filed in the court.
An appellate court may, in its discretion, presume that an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent, in the absence of evidence to the contrary.

Committee Notes
1977 Adoption. This rule governs the manner in which an indigent may proceed with an appeal without payment of fees or costs and without bond. Adverse rulings by the lower tribunal must state in writing the reasons for denial. Provision is made for review by motion. Such motion may be made without the filing of fees as long as a notice has been filed, the filing of fees not being jurisdictional. This rule is not intended to expand the rights of indigents to proceed with an appeal without payment of fees or costs. The existence of such rights is a matter governed by substantive law.

RULE 9.600. JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
(a) Concurrent Jurisdiction. Only the court may grant an extension of time for any act required by these rules. Before the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court.
(b) Further Proceedings. If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.
(c) Dissolution of Marriage Actions Family law matters. In dissolution of marriage actionsfamily law matters:
(1) tThe lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, attorneys' fees and costs for services rendered in the lower tribunal, temporary attorneys' fees and costs reasonably necessary to prosecute or defend an appeal, or other awards necessary to protect the welfare *830 and rights of any party pending appeal. Review of such orders shall bee by motion filed in the court within 30 days of rendition.
(2) The receipt, or payment, or transfer of funds or property under an order in a family law matter awarding separate maintenance child support, alimony, attorneys fees, or costs shall not prejudice the rights of appeal of any party. The lower tribunal shall have the jurisdiction to impose, modify, or dissolve conditions upon the receipt or payment of such awards in order to protect the interests of the parties during the appeal.
(3) Review of orders entered pursuant to this subdivision shall be by motion filed in the court within 30 days of rendition.
(d) Criminal Cases. The lower tribunal shall retain jurisdiction to consider motions pursuant to Florida Rules of Criminal Procedure 3.800(a) and in conjunction with post-trial release pursuant to rule 9.140(g). While an appeal is pending, the movant under rule 3.800(a) shall within 10 days of the date of any order granting relief under that rule file a copy of the order with the court.

Committee Notes
1977 Amendment. This rule governs the jurisdiction of the lower tribunal during the pendency of review proceedings, except for interlocutory appeals. If an interlocutory appeal is taken, the lower tribunal's jurisdiction is governed by rule 9.130(f).
Subdivision (b) replaces former rule 3.8(a). It allows for continuation of various aspects of the proceeding in the lower tribunal, as may be allowed by the court, without a formal to prevent unnecessary delays in the resolution of disputes.
Subdivision (c) is derived from former rule 3.8(b). It provides for jurisdiction in the lower tribunal to enter and enforce orders awarding separate maintenance, child support, alimony, temporary suit money, and attorneys' fees. Such orders may be reviewed by motion.
1980 Amendment. Subdivision (a) was amended to clarify the appellate court's paramount control over the lower tribunal in the exercise of its concurrent jurisdiction over procedural matters. This amendment would allow the appellate court to limit the number of extensions of time granted by a lower tribunal, for example.
1994 Amendment. Subdivision (c) was amended to conform to and implement section 61.16(1), Florida Statutes (1994 Supp.), authorizing the lower tribunal to award temporary appellate attorneys' fees, suit money, and costs.
1996 Amendment. New rule 9.600(d) recognizes the jurisdiction of the trial courts, while an appeal is pending, to rule on motions for post-trial release, as authorized by rule 9.140(g), and to decide motions pursuant to Florida Rule of Criminal Procedure 3.800(a), as authorized by case law such as Barber v. State, 590 So.2d 527 (Fla. 2d DCA 1991).
 RULE 9.700. GUIDE TO TIMES FOR ACTS UNDER RULES
 APPEALS AND REVIEW IN THE SUPREME COURT
-----------------------------------------------------------------------------------------------------------------------------------------------------
 TIME FOB ACTS 9.110 9.120 9.125 9.140 9.150
 UNDER FLORIDA APPEALS FROM DISCRETIONARY APPEALS FROM APPEALS IN CERTIFIED
RULES OF APPELLATE FINAL ORDERS REVIEW TRIAL COURTS DEATH SENTENCE QUESTIONS
 PROCEDURE CERTIFIED CASES 2 FROM FEDERAL
 BY DCA COURTS
-----------------------------------------------------------------------------------------------------------------------------------------------------
I. COMMENCEMENT
Filing of notion or petition 30 30 Commencement 30 Commencement
(days from rendition of occurs when occurs when
order to be reviewed). DCA renders federal court
 certificate files certificate.
*831
 II. BRIEFS
a) Initial brief on Within 10 days of
 Jurisdiction served, commencement
b) Answer brief on the N/A Within 20 days of N/A N/A N/A
 jurisdiction served initial brief
c) Initial brief on the Within 70 days of 20 days of decision Within 60 days of Within 20 days of
 merit served commencement.3 on jurisdiction filing record commencement
d) Answer brief on the Within 20 days of service of initial brief. Within 45 days of Within 20 days of
 merits served initial brief, initial brief,
e) Reply brief on the Within 20 days of service of answer brief. Within 30 days of Within 20 days of
 merits served answer brief, service brief,
III. RECORD AND
 TRANSCRIPT
a) Directions to clerk Within 10 days of If supreme court
 and designation of commencement. accepts jurisdiction
 transcript. time limits of applicable
 jurisdictional
 rules are used,
b) Cross direction designations Within 20 days of
 appellee or commencement,
 cross-appellant
c) Designation by cross Within 10 days of N/A As ordered by As ordered by
 appellee of (b) court court
d) Court reporter to deliver Within 30 days of
 transcript to clerk, designation,
e) Record prepared and Within 50 days of
 order served. commencement,
f) Record 110 (no record Within 60 days 10 days after
 transmitted transmitted in of decision on supreme court
 bond validation jurisdiction accepts jurisdiction,
 preceeding).4
IV. REHEARING
Filing of motion for 155 No rehearing of 15 15 15
rehearing (days from decision on
rendition of decision), jurisdiction
-----------------------------------------------------------------------------------------------------------------------------------------------------
  Proceedings under rules 9.100 and 9.130 follow the same timetables as those in district court of appeals,
 2 Appeals from summary denials of motions for post conviction relief under Fla.R.Crim.P. 3.850 are governed by Fla.R.App.P.
 9.140(gh).
 3 Within 20 days of commencement in appeal proceedings from district court of appeals or bond validation proceedings,
 4 Within 60 days of filing notice of appeal in appeal proceedings from district courts of appeal.
 5 Within 10 days from rendition of decision in bond validation proceedings.
 APPEALS TO THE DISTRICT COURTS OF APPEAL AND CIRCUIT COURTS
-------------------------------------------------------------------------------------------------------------------------------------------
 TIME FOR ACTS 9,100 9,110 9,130 9,140
 UNDER FLORIDA ORIGINAL APPEALS FROM APPEALS FROM APPEALS IN
 RULES OF PROCEEDINGS FINAL ORDERS NON FINAL CRIMINAL CASES
 APPELLATE ORDERS
 PROCEDURE
 Defendant State
-------------------------------------------------------------------------------------------------------------------------------------------
I. COMMENCEMENT
a) Filing of notice or petition 30 in common law
 (days from rendition certiorari proceedings, 30 30 30 15
 of order to bo reviewed). No limit otherwise,
*832
b) Response to petition Set by court.
c) Reply-Served, 20 day, from N/A N/A N/A
 response service,
 II. BRIEFS
a) Initial brief served. Within 70 days of Within 15 days of Within 30 days of
 commencement. commencement commencement
b) Answer brief served. N/A Within 20 days-of service of initial brief.
e) Reply brief served. Within 20 days, of service of answer brief,
 III. RECORD AND
 TRANSCRIPT
 a) Directions to clerk and N/A Within 10 day, of N/A Within 10 days of
 description of transcript commencement commencement.
b) Cross directions designations Within 20 days of Within 20 Within 10
 by appellee in commencement days of days of
 cross appellees. commencement commencement
c) Designations by Within 10 day, of Within 10 day, of
 cross appellee. cross appellants' cross appellants'
 designation. designation.
d) Court importer to deliver Within 30 days of Within 10 days of service
 transcript to clerk. service of a of a designation.
 designation
e) Record prepared and Within 50 days of Within 50 days of
 index served. commencement. commencement.
f) Record transmitted. Only if ordered Within 110 days of Only if ordered When prepared.
 by court. commencement. by court.
IV. REHEARING
Filing of motion for 15 15 15 15
rehearing; (days from
rendition of decision).
-------------------------------------------------------------------------------------------------------------------------------------------
  Add 10 days to times if cross appeal is field
  Appeals from summary denials of motions for poet conviction relief under Fla.R.Crim.P. 3.050 are governed by Fla.R.App.P.
 9.140.(gh)
Committee Notes
1984 Amendment. These 2 charts provide a visual guide to the times within which the various acts are required to be performed under these rules. They may not be relied on or cited as a basis for relief from any mistake, however, as they are provided solely to facilitate convenient reference to the affected parties. All time computation, whether jurisdictional or otherwise, must be determined from the text of the applicable rules. The previous chart has been totally revised and replaced by the 2 charts that govern review by tho supreme court and review by the district and circuit courts. The prior chart and the 1977 and 1980 committee notes have been deleted.
RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms *833 should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a) Florida Supreme Court.
(1) 1846-1886: Livingston v. L'Engle, 22 Fla. 427 (1886).
(2) 1887-1948: Hanna v. Martin, 160 Fla. 967, 37 So.2d 579 (1948). (This is the last case for parallel citation.)
(3) 1948-date: Fenelon v. State, 594 So.2d 292 (Fla.1992).
(4) For recent opinions not yet published in the Southern Reporter, cite to Florida Law Weekly: Traylor v. State, 17 Fla.L.Weekly S42 (Fla. Jan. 16, 1992). If not therein, cite to the slip opinion: Traylor v. State, No. 70,051 (Fla. Jan. 15, 1992).
(b) Florida District Courts of Appeal.
(1) Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); Buncayo v. Dribin, 533 So.2d 935 (Fla. 3d DCA 1988).
(2) For recent opinions not yet published in Southern Reporter, cite to Florida Law Weekly: Myers v. State, 16 Fla.L.Weekly D1507 (Fla. 4th DCA June 5, 1991). If not therein, cite to the slip opinion: Myers v. State, No. 90-1092 (Fla. 4th DCA June 5, 1991).
(c) Florida Circuit Courts and County Courts.
(1) Whidden v. Francis, 27 Fla.Supp. 80 (Fla. 11th Cir.Ct.1966).
(2) State v. Alvarez, 42 Fla.Supp. 83 (Fla. Dade Cty.Ct.1975).
(3) For opinions not published in Florida Supplement, cite to Florida Law Weekly: State v. Campeau, 16 Fla.L.Weekly C65 (Fla. 9th Cir.Ct. Nov. 7, 1990). If not therein, cite to the slip opinion: State v. Campeau, No. 90-4363 (Fla. 9th Cir.Ct. Nov. 7, 1990).
(d) Florida Administrative Agencies. (Cite if not in Southern Reporter.)
(1) For decisions of the Public Employees Relations Commission: Indian River Educ. Ass'n v. School Bd., 4 F.P.E.R. ¶ 4262 (1978).
(2) For decisions of the Florida Public Service Commission: In re Application of Tampa Elec. Co., 81 F.P.S.C. 2:120 (1981).
(3) For decisions of all other agencies: Insurance Co. v. Department of Ins., 2 F.A.L.R. 648-A (Fla. Dept. of Insurance 1980).
(e) Florida Constitution. (Year of adoption should be given if necessary to avoid confusion.)
Art. V, § 3(b)(3), Fla. Const.
(f) Florida Statutes (Official).
§ 350.34, Fla.Stat. (1973).
§ 120.53, Fla.Stat. (Supp.1974).
(g) Florida Statutes Annotated. (To be used only for court-adopted rules, or references to other non statutory materials that do not appear in an official publication.)
32 Fla.Stat.Ann. 116 (Supp.1975).
(h) Florida Laws. (Cite if not in Fla.Stat. or if desired for clarity or adoption reference.)
(1) After 1956: Ch. 74-177, § 5, at 473, Laws of Fla.
(2) Before 1957: Ch. 22000, Laws of Fla. (1943).
(i) Florida Rules.
Fla.R.Civ.P. 1.180.
Fla.R.Jud.Admin. 2.035.
Fla.R.Crim.P. 3.850.
Fla.R.Work.Comp.P. 4.113.
Fla.Prob.R. 5.120.
Fla.R.Traf.Ct. 6.165.
Fla.Sm.Cl.R. 7.070.
Fla.R.Juv.P. 8.070.
Fla.R.App.P. 9.100.
Fla.R.Med. 10.010
Fla.R.Arb. 11.010
Fla.Fam.L.R.P. 12.010
Fla.Admin.Code R. 8H-3.02.
Fla.Code Jud.Conduct, Canon 5B.
Fla.Bar Code Prof.Resp.D.R. l-lOl(A)
R.ReguIating Fla.Bar 4-1.10.

*834 Fla.Bar Found. By-Laws, art. 2.18(b).
Fla.Bar Found. Charter, art. 3.4.
Fla.Bar Integr.R., art XI, rule 11.09.
Fla.Bd.Bar Exam.R. III.
Fla.Jud.Qual.Comm'n R. 9.
Fla.Std.Jury Instr. (Civ.) 6.4(e).
Fla.Std.Jury Instr. (Crim.) [page number].
Fla.Stds.Imposing Law.Sancs. 9.3
Fla.Stds.Imposing Law.Sancs. (Drug Cases) 3
Fla.Bar Admiss.R., art. III.
(j) Florida Attorney General Opinions.
Op. Att'y Gen.Fla. 73-178 (1973).
(k) United States Supreme Court.
Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).
The first time a case is mentioned, cite to United States Reports, Supreme Court Reporter, and Lawyer's Edition. All subsequent citations to tho same case, as well as pinpoint citations, shall be to the United States Reports only. Cite to United States Reports, if published therein; otherwise cite to Supreme Court Reporter, Lawyer's Edition, or United States Law Week, in that order of preference. For opinions not published in these reporters or in United States Law Week, cite to Florida Law Weekly Federal: California v. Hodari D., 13 Fla.L.Weekly Fed. S249 (U.S. Apr. 23, 1991).
(1) Federal Courts of Appeals.
Gulf Oil Corp. v. Bivins, 276 F.2d 753 (5th Cir.1960).
For opinions not published in the Federal Reporter, cite to Florida Law Weekly Federal: Cunningham v. Zant, 13 Fla.L.Weekly Fed. C591 (11th Cir. March 27, 1991).
(m) Federal District Courts.
Pugh v. Rainwater, 332 F.Supp. 1107 (S.D.Fla.1971).
For opinions not published in the Federal Supplement, cite to Florida Law Weekly Federal: Wasko v. Dugger, 13 Fla.L.Weekly Fed. D183 (S.D.Fla. Apr. 2, 1991).
(n) Other Citations. When referring to specific material within a Florida court's opinion, pinpoint citation to the page of the Southern Reporter where that material occurs is optional, although preferred. All other citations shall be in the form prescribed by the latest edition of The Bluebook: A Uniform System of Citation, The Harvard Law Review Association, Gannett House, Cambridge, Mass. 02138. Citations not covered in this rule or in The Bluebook shall be in the form prescribed by the Florida Style Manual published by the Florida State University Law Review, Tallahassee, Fla. 32306.
(o) Case Names. Case names shall be underscored (or italicized) in text and in footnotes.

Committee Notes
1977 Adoption.his rule is new and is included to standardize appellate practice and ease the burdens on the courts. It is the duty of each litigant and counsel to assist the judicial system by use of these standard forms of citation. Use of these citation forms, however, has not been made mandatory.
1992 Amendment. Rule 9.800 was updated to reflect changes in the available reporters. Additionally, the citations to new rules have been added and citations to rules no longer in use have been deleted.
RULE 9.900. FORMS
 (a) Notice of Appeal.
 IN THE_________________________________________________
 (NAME OF LOWER TRIBUNAL
 _______________________________________________________
 WHOSE ORDER IS TO BE REVIEWED)
*835
 Case No.______________________
_______________________________, )
 Defendant/Appellant, )
 )
v. ) NOTICE OF APPEAL
_______________________________, )
 Plaintiff/Appellee. )
__________________________________________ )
 NOTICE IS GIVEN that___________________________________________,
Defendant/Appellant, appeals to the ______________________________________________________________,
 (name of court that has appellate jurisdiction)
the order of this court rendered [see rule 9.020(gh)] ________, 19____. [Conformed copies of
orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d),
and 9.160(c) ]. The nature of the order is a final order.
___________________________________________________________________________________________________
 (state nature of the order)
 _______________________________________________________
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No.________________________________________
 (b) Notice of Cross-Appeal
 IN THE_________________________________________________
 (NAME OF LOWER TRIBUNAL
 _______________________________________________________
 WHOSE ORDER IS TO BE REVIEWED)
 Case No.______________________
_______________________________, )
 Defendant/Appellant, )
 Cross-Appellee, )
 )
v. ) NOTICE OF CROSS-APPEAL
_______________________________, )
 Plaintiff/Appellee. )
 Cross-Appellant. )
__________________________________________ )
 NOTICE IS GIVEN that ___________________________________________________________________________,
Plaintiff/Cross-Appellant, appeals to the ________________________________________________________,
 (name of court that has appellate jurisdiction)
the order of this court rendered [see rule 9.020(gh)] ________, 19____. The nature of the
order is a final order.
*836
___________________________________________________________________________________________________
 (state nature of the order)
 _______________________________________________________
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No.________________________________________
 (c) Notice of Appeal of Non-Final Order.
 IN THE_________________________________________________
 (NAME OF LOWER TRIBUNAL
 _______________________________________________________
 WHOSE NON-FINAL ORDER IS TO BE REVIEWED)
 Case No.______________________
_______________________________, )
 Defendant/Appellant, )
 )
v. ) NOTICE OF APPEAL
_______________________________, ) OF A NON-FINAL
 Plaintiff/Appellee. ) ORDER
__________________________________________ )
 NOTICE IS GIVEN that____________________________________________________________________________,
Defendant/Appellant, appeals to the ______________________________________________________________,
 (name of court that has appellate jurisdiction)
the order of this court rendered [see rule 9.020(gh)] ________, 19____. [Conformed copies of
orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d),
9.130(c), and 9.160(c).] The nature of the order is a non-final order.
___________________________________________________________________________________________________
 (state nature of the order)
 _______________________________________________________
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No.________________________________________
 (d) Notice to Invoke Discretionary Jurisdiction of Supreme Court.
 IN THE DISTRICT COURT
 OF APPEAL OF FLORIDA,
 ________________DISTRICT
 Case No________________
*837
_______________________________, )
 Defendant/Petitioner, )
 )
v. ) NOTICE TO INVOKE
_______________________________, ) DISCRETIONARY
 Plaintiff/Respondent. ) JURISDICTION
___________________________________________ )
 NOTICE IS GIVEN that________________________________________,
Defendant/Petitioner, invokes the discretionary jurisdiction of the supreme court to review
the decision of this court rendered [see rule 9.020(gh)] ________, 19____. The decision1
___________________________________________________________________________________________________
 (state why the decision is within the supreme court's jurisdiction)
 _______________________________________________________
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No.________________________________________
1 The choice are:
 a. expressly declares valid a state statute
 b. expressly construes a provision of the state or federal constitution.
 c. expressly affects a class of constitutional or state officers.
 d. expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the
 same question of law.
 e. passes on a question certified to be of great public importance.
 f. is certified to be in direct conflict with decisions of other district courts of appeal.
See rule 9.030(a)(2)(a).
 (e) Notice of Administrative Appeal.
 IN THE_________________________________________________
 (NAME OF AGENCY,
 _______________________________________________________
 OFFICER. BOARD, COMMISSION. OR
 ______________________________________________________
 BODY WHOSE ORDER IS TO BE REVIEWED)
 Case No______________________
_______________________________, )
 Defendant*/Appellant, )
 )
v. ) NOTICE OF
_______________________________, ) ADMINISTRATIVE
 Plaintiff*/Appellee. ) APPEAL
__________________________________________ )
 NOTICE IS GIVEN that____________________________________________________________________________,
Appellant, appeals to the ________________________________________________________________________,
 (name of court that has appellate jurisdiction)
the order of this__________________________________________________________________________________
 (name of agency, officer, board, commission, or body whose order is to be reviewed)
*838
rendered [see rule 9.020(gh) ________, 19____. [Conformed copies of orders designated in
the notice of appeal shall be attached in accordance with rules 9.110(d) and 9.130(c).] The
nature of the order is
___________________________________________________________________________________________________
 (state nature of the order)
 _______________________________________________________
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No. _______________________________________
* or other appropriate designation.
 (f) Directions to Clerk.
 IN THE_________________________________________________
 (NAME OF LOWER TRIBUNAL
 _______________________________________________________
 WHOSE ORDER IS TO BE REVIEWED)
 Case No.______________________
_______________________________, )
 Plaintiff/Appellant, )
 ) DIRECTIONS TO CLERK
_______________________________, )
 Defendant/Appellee. )
________________________________________ )
 Plaintiff/Appellant,____________________, directs the clerk to___________________________________
 (include/exclude)
the following items________________the original record described in rule 9.200(a)(1):
 (in/from)
 ITEM DATE FILED
1.
 [List of Desired Items]
2.
Note: This form is necessary only if a party does not wish to rely on the record that will be
automatically prepared by the clerk under rule 9.200(a)(1).
 (g)Designation to Reporter.
 IN THE________________________________________________
 (NAME OF LOWER TRIBUNAL
 ______________________________________________________
 WHOSE ORDER IS TO BE REVIEWED)
 Case No._____________________
*839
_______________________________, )
 Plaintiff/Appellant, ) DESIGNATION
v. ) TO REPORTER
 ) AND REPORTER'S
_______________________________, ) ACKNOWLEDGEMENT
 Defendant/Appellee. )
___________________________________________ )
 I. DESIGNATION
 Plaintiff/Appellant,________________, files this Designation to Reporter and directs
________________________ to transcribe an original and ______ copies of the following portions
(name of court reporter)
of the trial proceedings to be used in this appeal:
 1. The entire trial proceedings recorded by the reporter on ________, 19____, before the
Honorable__________________________________________________________________________________________
 (judge)
except________________________________
 2. [Indicate all other portions of reported proceedings.]
 3. The court reporter is directed to file the original with the clerk of the lower tribunal
and to serve one copy on each of the following:
 1.
 2.
 3.
 I, counsel for Appellant, certify that satisfactory financial arrangements have been made
with the court reporter for preparation of the transcript.
 _______________________________________________________
 Attorney for___________________________________________
 (name of party)
 _______________________________________________________
 (address and phone number)
 Florida Bar No. _______________________________________
 II. REPORTER'S ACKNOWLEDGMENT
 1. The foregoing designation was served on _________, 19______, and received on
________, 19______.
 2. Satisfactory arrangements have ( ) have not ( ) been made for payment of the
transcript cost. These financial arrangements were completed on __________.
 3. Number of trial or hearing days __________
 4. Estimated number of transcript pages __________
 5a. The transcript will be available within 30 days of service of the foregoing designation
and will be filed on or before the _____ day of_______, 19____.
 OR
 5b. For the following reason(s) the court reporter requests an extension of time of _____
days for preparation of the transcript that will be filed on or before the _____ day of
_________, 19______:________________________________.
*840
 6. Completion and filing of this acknowledgment by the court reporter constitutes
submission to the jurisdiction of the court for all purposes in connection with these appellate
proceedings.
 7. The undersigned court reporter certifies that the foregoing is true and correct and that
a copy has been furnished by mail ( ) hand deliver ( ) this_____day of________, 19_____,
to each of the parties or their counsel.
 _______________________________________________________
 Court Reporter
 _______________________________________________________
 (address)
Note: The foregoing court reporter's acknowledgment to be placed "at the foot of or
attached to a copy of the designation, shall be properly completed, signed by the court
reporter, and filed with the clerk of the appellate court within 5 days of service of the
designation on the court reporter. A copy shall be served on any requested extension of
time. See Fla.R.App.P. 9.200(b)(1), (2), & (3).
 (h) Civil Supersedeas Bond.
 _______________________________________________________
 (Title of Court)
 Case No._______________________________________________
_______________________________, )
 Plaintiff, )
 )
v. ) CIVIL SUPERSEDEAS
 ) BOND
_______________________________, )
 Defendant. )
________________________________________ )
 We, ________________________________ as Principal, and___________________________________________
as Surety, are held and firmly bound unto _________________________________ in the principal sum of
$________, for the payment of which we bind ourselves, our heirs, personal representatives,
successors, and assigns, jointly and severally.
 The condition of this obligation is: the above-named Principal has entered an appeal to
the ______________________ to review the __________________________________________________________
 (court) (judgment or order)
entered in the above case on ________________ and filed in the records of said court in book
 (date)
_______ at page ______.
 NOW THEREFORE, if the Principal shall satisfy any money judgment contained in the
judgment in full, including, if allowed by law, costs, interest, and attorneys' fees, and damages
for delay in the event said appeal is dismissed or said judgment is affirmed, then this
obligation shall be null and void; otherwise to remain in full force and effect.
 Signed on _____________________, at ____________________________________________________________.
 (date) (place)
 /s/___________________________________________________________________________________
 Principal
 Signed on ______________________, at ___________________________________________________________.
 (date) (place)
*841
 /s/__________________________________________________________________________________.
 Surety
Committee Notes
1980 Amendment. Forms 9.900(a) and (b) under the 1977 rules are modified, and additional forms are provided.
1992 Amendment. Forms 9.900(a), (c), and (e) were revised to remind the practitioner that conformed copies of the order or orders designated in the notice of appeal should be attached to the notice of appeal as provided in rules 9.110(d), 9.130(c), and 9.160(c).
NOTES
[1] As noted in Creighton, even during the period of 1956 to 1972 when there was no question that the right of appeal was protected by our constitution, we continued to recognize that the state's right to appeal in criminal cases was governed by statute.
[2] Similarly, in Marshall v. State, 344 So.2d 646, 648 (Fla. 2d DCA 1977), Justice Grimes, then a district court judge, declared for an unanimous panel: "Our Florida Constitution guarantees convicted persons of the right of appeal...." See also Judge Cowart's opinion in State v. W.A.M., 412 So.2d 49 (5th DCA), review denied, 419 So.2d 1201 (Fla.1982) (finding that although article V was revised in 1972, the right to appeal was not affected).
[3] See Crownover v. Shannon, 170 So.2d 299, 300 (Fla.1964), holding: "Before the enactment of chapter 19554 in 1939, there was no right of appeal or writ of error by the State in criminal prosecutions."
[4] Public confidence in the judicial process is undermined when this Court merely announces a ruling that an important citizen's right has been eliminated without engaging in a reasoned analysis of the constitutional amendment process that is claimed to have eliminated the right.
[5] For example, there is no explanation in Creigliton of why the people would make such extensive provisions for a system of appeal in the constitution but leave it up to the legislature to decide if the system should ever be used. The constitution does not say that is what was contemplated.
[6] Attorney Stephen Krosschell, in a brief filed with this Court, explains that even the "grammatical" analysis of Creighton is flawed:

Creighton turns on the fact that Article V, Section 4(b)(1) ("District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts....") uses the word "that" rather than "which." According to Creighton, "that" is a word of restriction which restricts the word "appeals" to those appeals that can be taken as a matter of right, i.e., those appeals permitted by the legislature. By contrast, if the constitution had used "which," this word would not have restricted the word "appeals," and the clause "(which) may be taken as a matter of right" would have been an independent statement of the constitutional right to appeal. 469 So.2d at 739.
I doubt that, in today's usage since the turn of the century, "that" and "which" have the meanings which Creighton gave these words. These words are used interchangeably in this century, and the old grammatical distinctions no longer apply. Furthermore, the elementary (and still valid) rule of grammar applicable here in my view is that clauses separated by commas are nonrestrictive clauses intended to introduce independent concepts. The commas around the clause "that may be taken as a matter of right" in Article V, Section 4(b)(3), mean that this clause does not restrict "appeals" to those appeals permitted by the legislature. It instead is a nonrestrictive clause which independently expresses the constitutional right to appeal. Only if the commas in Article V, Section 4(b)(3), were absent would Creighton have been correct that this clause is a restrictive clause which restricts appeals to those permitted by the legislature.
Accordingly, this Court should recede from this reasoning in Creighton, which was dicta and unnecessary to the result of the case. Creighton involved a state appeal and was properly decided on the principle that the legislature can restrict the types to appeals which its employees (such as prosecutors) may take. Creighton did not need to make the further holding that the right to appeal is statutorynot only for prosecutors but for everyone else as well.
[7] See letter of September 23, 1971, from Talbot D'Alemberte, Chairman, House Judiciary Committee, to Mallory Horton contained in materials on 1972 constitutional revisions located in the Florida Supreme Court Library; see also Talbot D'Alemberte, "Judicial ReformNow or Never," 46 Fla.Bar Journal 68 (1972); Talbot D'Alemberte, The Florida State Constitution: A Reference Guide (1991).
[8] For example, this Court goes to great lengths as part of its duty to review ballot initiatives to be certain that a ballot title and summary for a proposed constitutional amendment by citizen initiative accurately apprises the voter of the chief purposes and effects of the proposed amendment and is not misleading so that the voter may make an informed decision whether to support a proposed change to our state constitution. See § 101.161, Fla.Stat. (1995).
[9] The House summary provides:

ANALYSIS OF PROPOSED REVISION OF ARTICLE V TO BE SUBMITTED TO PEOPLE ON MARCH 14, 1972
1. The 16 different courts in the state are consolidated into four uniform levels of courts: supreme court, district court of appeal, circuit court and county court. The present judicial system is a hodgepodge of different courts which vary from county to county.
2. The jurisdiction of circuit and county courts would be established uniformly across the state as follows:
A. Circuit Court: Civil over $2,500.00, juvenile, probate, competency, and all felony jurisdiction.
B. County Court: Misdemeanors, claims of less than $2,500.00 and violation of all ordinances including traffic ordinances.
3. The proposed revision upgrades the entire judiciary and gives the same priority to the criminal justice system and legal issues involving our children and our mentally ill as it does to civil cases. In most instances under the present system subordinate courts try these issues.
4. The proposed revision establishes a court structure which will help to insure sound judicial administration. The chief justice is the chief administrative officer of the entire judicial system. Judges may be freely assigned to other courts to insure proper utilization of judges' time. Each circuit will have a chief judge to insure efficient administration on a local level. Judges will be created only on the basis of need with the supreme court responsible for instituting the creation of additional judges. There will be no arbitrary population restrictions limiting the number of available judges. Such restrictions have contributed to the backlog of cases under the present court structure.
5. Specialized divisions of any court, except the supreme court, may be established.
6. All judges will be required to be full time. The proposal eliminates the conflict of interest inherent in allowing part time judges to be part time lawyers.
7. All judges must be lawyers except judges of county courts in counties under 40,000. In these small counties, there are few, if any, lawyers to fill the positions.
8. The governor is required to fill vacancies from nominations made by judicial nominating commissions. Approximately ninety percent of all judges in the state were originally appointed to office to fill a vacancy. Such commissions help to remove the judiciary from politics.
9. All judges are subject to the disciplinary procedures of the judicial qualifications commission. Presently, the lower court judges are not subject to such procedures.
10. All judges' salaries will be paid by the state by 1977. This will relieve the ad valorem taxpayer of a burden now imposed to pay the salaries of all trial courts except the circuit court.
11. State attorneys are prosecuting officers in all trial courts, except municipalities may provide their own prosecutors to prosecute their ordinances. County solicitors are abolished.
12. Public defenders are required in each circuit.
13. Each circuit will have a clerk of the circuit court. However, his duties may be divided between a clerk of the court and an official who serves as county recorder and clerk of the county commission. A clerk of the county court may be established by general law.
14. Constables become statutory positions subject to change or termination by general law.
15. Municipal courts may exist till January 1977, at which time they are abolished. All other courts, including justices of the peace, are abolished on the effective date of the article, which is January 1, 1973.
16. Provision is made for the return of fines and forfeitures, arising from cases tried in county courts, to the city or county in which the offense occurred.
17. For the convenience of police officers, witnesses and other citizens, branch courts will be established throughout a county. A central court is not appropriate for handling the small, day to day legal problems which arise. For this reason, the chief judge of the circuit is given the power to direct that any trial court may sit in convenient locations. Any municipality which provides adequate facilities may have a branch court established in its area, unless the chief judge of the circuit finds the request is unjustified. In that case, the municipality can appeal to the supreme court.
18. Municipal ordinances will be ultimately tried in county courts by judges who are independent of city councils or other appointing authorities. The city may enforce its ordinances as strictly as it does now by relying on its own prosecutors.
19. Very few judges will be automatically elevated to circuit judge. In most instances, the electorate will decide in the elections in the fall of 1972 who will be elevated to circuit judge.
20. Those county judges and justices of the peace presently holding office, who are not lawyers, may run for election as county court judges in 1972.
The ballot summary provided:
REVISION OF ARTICLE V
Judiciary, Proposing a revision of the Judicial Article of the Florida Constitution; reorganizing the trial courts into a uniform court system; providing standards and procedures for the selection and discipline of all judges, and establishing a system of court administration.
League of Women Voters public information guide provided in summary:
Florida NeedsOrder in the Courts Revision of Article V of the Constitution will bring order to the present court "hodge podge"
It would:
ELIMINATE DUPLICATION
Instead of 15 kinds of trial courts, there will be 2 CircuitCivil $2500 and over, juvenile, probate, guardianship, competency and all felonies.
CountyCivil less than $2500, misdemeanors, traffic, and violations of all ordinances. As an example, at present, if a citizen sues for damages under $2500 he may either enter his case in a small claims court, a county judge's court, a justice of the peace court, a magistrate's court, a court of record, a civil court of record, or a circuit court, depending upon the county where he resides.
In the proposed system he would go to a county court.
ESTABLISH RULES FOR ALL COURTS
For the first time there will be elearcut lines of responsibility and accountabilitv.
SPEED JUSTICE
More efficient use will be made of judicial manpower by assignment of judges to the courts that need them.
New judges may be created by the legislature on the basis of need, not population.
Professional court administrators may be used allowing judges more time to dispense justice.
BRING LOCAL JUSTICE CLOSER TO THE PEOPLE
Branch courts may be established throughout the county as needed. Grievance procedures arc provided for citizens to lodge complaints against trial judges of lower courts.
REMOVE LOCAL POLITICS FROM JUDCIAL APPOINTMENTS
Judicial nominating commissions will remove patronage power which is sometimes used by elected officials to reward unqualified supporters.
PROVIDE MORE LOCAL REVENUE
The new article provides for total state funding of courts thus relieving local property taxpayers from this burden and releasing more money for local services.
ELIMINATE PART-TIME JUSTICE
All judges must serve full time removing the possibility of conflicts of interest.
PHASE OUT ALL NON-LAWYER JUDGES.
Except in counties under 40,000, all non-lawyer judges will eventually be phased out.
ABOLISH THE FEE SYSTEM
In many courts fees collected from fines are used to determine judges' salaries and other court costs. This has been called a "justice-bythe ished. Any fines and forfeitures collected will be returned to the city or county where the offense occurred.
PROMOTE COURTROOM DECORUM AND DIGNITY
At present, many municipal and justice of the peace courts are conducted in garages, auto repair shops, etc. What defendants see in such cases they use as a basis for judging all the courts in the land. The proposed revision would ensure that all courts will be state courts with appropriate judicial procedures.
VOTE FOR AMENDMENT I
ARTICLE V REVISIONon March 14
[10] Article V, Section 4(b)(1) provides:

District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.
[11] Article V, Section 4(b)(2) provides:

District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law.
[12] Article V, Section 5(b) provides:

JURISDICTION.The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the state. They shall have the power of direct review of administrative action prescribed by general law.